## A97A1368. SANDERS v. THE STATE.
(487 SE2d 115)

JOHNSON, Judge.

We granted Larry Sanders' application for interlocutory review of the trial court's denial of his motion to suppress cocaine seized from his car. Sanders contends the traffic stop which led to the discovery of the cocaine was invalid, unreasonably pretextual and unrelated to any concern regarding the public safety.

At the motion to suppress hearing, an officer with the Georgia State Patrol testified that he was driving behind Sanders when an investigator with a county drug enforcement unit, who was driving in the opposite direction, contacted him by radio. The drug squad investigator told the state trooper that he had some information on the driver of the car in front of him, and if he stopped him for any reason,

to let the investigator know. The state trooper continued to follow Sanders' car. After traveling almost one mile, Sanders turned left, and then made a wide right turn, crossing into the far lane of the roadway. The trooper pulled Sanders over and radioed to the investigator, informing him that a stop had been made. Sanders was issued a warning for making an improper turn and weaving. The trooper stated that he would have stopped Sanders for making the improper turn, regardless of what the investigator had told him, but admitted that it is possible that he may not have continued to follow Sanders had he not received the radio communication. After obtaining permission to search Sanders' car, the drug squad investigator found a small amount of crack cocaine under the carpet beneath the driver's seat.

1. Sanders first argues that there was no evidence that the street upon which the stop was made was a "highway" as defined by OCGA § 40-1-1 (19), making it an invalid stop. This argument was not raised below, however, and is therefore waived. See *Green v. State*, 223 Ga. App. 467, 469 (2) (477 SE2d 895) (1996).

2. With regard to Sanders' argument that the stop was pretextual, the law simply stated is: " 'The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense.' [Cits.]" *Jones v. State*, 200 Ga. App. 666 (1) (409 SE2d 251) (1991). Sanders bases his contention that the stop was pretextual on *United States v. Smith*, 799 F2d 704 (11th Cir. 1986). However, this Court previously considered the decision in *Smith* and concluded: "We find nothing in the *Smith* decision which would suggest that an officer is precluded from stopping a vehicle for an observed traffic violation if he is motivated by a suspicion, itself insufficient to justify an investigatory stop, that the vehicle might be transporting drugs." *Williams v. State*, 187 Ga. App. 409, 411 (1) (370 SE2d 497) (1988). See also *Wise v. State*, 201 Ga. App. 412 (411 SE2d 303) (1991).

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Citation and punctuation omitted.) *Sutton v. State*, 223 Ga. App. 721, 722 (1) (478 SE2d 910) (1996). Because there was evidence that Sanders' vehicle was stopped as a result of an observed traffic violation, the trial court's denial of the motion to suppress was not clearly erroneous and does not demand a reversal.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

Decided May 28, 1997.
Before Judge Crosby.
*Thomas H. Pittman*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.