## A97A2391. WALLER v. THE STATE.

(498 SE2d 362)

BEASLEY, Judge.

Fred Waller, convicted of driving under the influence of alcohol (OCGA § 40-6-391), enumerates as error the denial of his motion for directed verdict for want of proof of venue beyond a reasonable doubt. The offense occurred on June 2, 1995. He contends the State was required to prove the offense occurred in the City of Atlanta, Fulton County, Georgia.

Waller was tried in the City Court of Atlanta, otherwise known as the "Atlanta Traffic Court." The City Court is referred to in the Georgia Constitution in Art. VI, Sec. X, Par. I (5), as one of the municipal courts continued by the 1983 Constitution. Such courts "shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law." Ga. Const. of 1983, Art. VI, Sec. I, Par. I. Those in existence on June 30, 1983, are not subject to the provisions of the Judicial Article of the Constitution, and "[t]he General Assembly shall have the authority to confer 'by law' jurisdiction upon municipal courts to try state offenses." Id.

This city court was in existence prior to June 30, 1983. A constitutional amendment proposed by the General Assembly in 1967 and ratified at the 1968 general election authorized the General Assembly to create city courts in cities having a population over 300,000. Ga. L. 1967, p. 963 (Res. Act No. 81; HR 167-510). The General Assembly exercised that authority and acted to create a system of traffic courts, including this one, that same year. Ga. L. 1967, p. 3360. The law took effect in 1969, following ratification of the constitutional amendment. Ga. L. 1967, p. 3370, § 35. The law provided that "[e]ach of such courts shall have jurisdiction coextensive with the territorial limits of the city in which it is located over . . . [a]ll crimes and offenses under the laws of the State relating to and regulating traffic, not above the grade of misdemeanor and not exclusively cognizable in the superior courts. Provided, however, no defendant shall be tried on a misdemeanor charge in any county except where the alleged offense was committed." Ga. L. 1967, pp. 3360, 3362, § 3.

The constitutional amendment was continued in force and effect

after the adoption of the 1983 Constitution of Georgia, Ga. L. 1986, p. 4820 (Act No. 1233, HB 1624), and City Court jurisdiction at the time of Waller's offense and trial was the same as it was in 1967.

In 1996 the legislature "re-create[d] a system of state courts of limited jurisdiction for each city of this state having a population of 300,000 or more." Ga. L. 1996, p. 627 (Act No. 791, HB 1447). As stated in the Act's first section, this was done pursuant to Art. VI, Sec. I of the Constitution, which provision referred to above empowered the General Assembly to establish municipal courts and confer jurisdiction on them. Expressly instrumental also was the constitutional amendment of 1967, also referred to above, which was specifically continued in force and effect by the aforementioned Act of 1986. The 1996 law continued the courts created by the 1967 Act but reconstituted them under the new law and specifically repealed the 1967 Act. Ga. L. 1996, pp. 627, 639, §§ 29-31.

Under the 1996 law, each of the state-established city courts has jurisdiction "coextensive with the territorial limits of the city in which it is located over . . . [a]ll crimes and offenses under the laws of the state relating to and regulating traffic, and all other crimes and offenses arising out of the same occurrence as such traffic offense, not above the grade of a misdemeanor and not exclusively cognizable in the superior courts; provided, however, no defendant shall be tried on a misdemeanor charge in any county except where the alleged offense was committed." Ga. L. 1996, p. 628, § 3. Thus the county requirement was retained as the locality for trial.

That is the law currently. The legislature chose to limit venue of a state misdemeanor to the county in which it was committed, even though the City Court's jurisdiction was city-wide and the city included some territory in DeKalb County.[1]

The legislature would not have been constitutionally prohibited from making that jurisdiction coextensive with the territorial limits of the city; the constitutional venue requirements contained in Art. VI, Sec. II (for our purposes specifically Par. VI thereof), do not apply to municipal courts. That is because Art. VI, Sec. I, Par. I of the Judicial Article excepts municipal courts such as the City Court of Atlanta from all but Sec. X and Sec. I, Par. I of this Article. Nor would the legislature be prohibited by statutory law, for OCGA § 17-2-2 (a) provides: "Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law."

The Sixth Amendment of the United States Constitution guarantees to a defendant in a criminal prosecution the right to trial "by

---

[1] *Harmon v. Harmon*, 209 Ga. 474, 475 (2) (74 SE2d 75) (1953): "We judicially know that the City of Atlanta is in the counties of Fulton and DeKalb."

an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." There is no correlative provision in Georgia's Bill of Rights, but for venue purposes for those courts which are subject to Art. VI, Sec. II of the Georgia Constitution, counties are the "districts" ascertained by law. Since the City Court of Atlanta is not subject to the Sec. II venue designations, the General Assembly could designate the entire territory of the City of Atlanta as constituting the "district" for federal Bill of Rights purposes. But it did not, and the venue provided in the acts establishing the city courts prevails.

The question, then, is whether the city proved that the crime of driving under the influence of intoxicating liquor occurred in the City of Atlanta in the County of Fulton. Proof that it occurred in the City would fall short.

Arresting Officer Padgett, who was employed by the City of Atlanta Police Department, testified that the incident leading to the arrest took place at 2095 Stewart Avenue, in the northern half of Zone 3. He saw Waller drive at that very location and arrested him within 50 feet of where he first came upon him slumped over the wheel with the engine running and the right wheel of his car over the parking lot curb.

Padgett was "working Zone 3" at the time, having been "assigned to the A section, which is the north half of the zone." It may reasonably be inferred that meant Zone 3 of the City of Atlanta because that was his beat as a City of Atlanta patrol officer. "Zones" are inferentially areas into which the city is divided for policing purposes. Padgett also testified this incident was 100 feet from a mini-precinct station of that Zone 3, in the 2000 block of Stewart Avenue, which he told Waller. It would be extraordinary to find a precinct station outside the jurisdiction of the City of Atlanta Police Department.

There is thus sufficient evidence to prove the crime was committed in the City of Atlanta. *Joiner v. State*, 231 Ga. App. 61 (497 SE2d 642) (1998); *Hunter v. State*, 191 Ga. App. 219 (381 SE2d 525) (1989).

As to the location being the County of Fulton, although the officer did not state directly that it was in Fulton County, the Uniform Traffic Citation contained the officer's sworn statement that the offense occurred "In the City of Atlanta, County of Fulton." The word "DeKalb" is lined through. But this document was not in evidence, the jury did not have it in the jury room even as the charging instrument, and had it been admitted, it is questionable whether it would be proper evidence because normally the charging instrument is not evidence. See *Crowe v. State*, 265 Ga. 582, 591 (16) (458 SE2d 799) (1995) (indictment not evidence); *Chambers v. State*, 159 Ga. App. 669, 670 (2) (284 SE2d 682) (1981) (same); *Perkins v. State*, 151 Ga. App. 199, 206 (8) (259 SE2d 193) (1979) (accusation not evidence),

overruled on other grounds, *Chance v. State*, 154 Ga. App. 543 (268 SE2d 737) (1980). The four-to-three decision in *Graves v. State*, 227 Ga. App. 628 (490 SE2d 111) (1997), distinguishes the UTC as being under oath, a court record, not hearsay, admissible as evidence in a bench trial and sufficient to show the county where the alleged offense was committed for purposes of proving venue. Even if the full bench of this Court were to agree, the UTC certainly did not suffice in this case, for the reasons given above.

Although we have taken judicial notice that a particular city is located entirely in the county where the defendant was tried,[2] the City of Atlanta does not lie entirely in Fulton County. And we cannot take judicial notice that the address on Stewart Avenue, or all of Stewart Avenue, is in Fulton County.[3]

"While it is true that where venue is not contested slight proof will suffice (*Loftin v. State*, 230 Ga. 92 (195 SE2d 402) [(1973)]), it must nevertheless be established beyond a reasonable doubt. *Parks v. State*, 212 Ga. 433, 435 (93 SE2d 663) (1956)." *Carter v. State*, 146 Ga. App. 681 (247 SE2d 191) (1978); *Minter v. State*, 258 Ga. 629 (1) (373 SE2d 359) (1988).[4]

The City did not provide even slight proof, although such a task would seem to be a simple matter, paying attention to it avoids the whole agonizing issue which takes the conviction of a crime to the edge of the precipice and risks a fall into the abyss of illegality. "Where venue is not established by the State, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven."[5]

The conviction must be reversed, as Waller did not waive the right to be tried in the county where the offense was alleged to have been committed.[6] Although Waller was at the time a resident of North Carolina and may not have had a particular interest in being tried by citizens of Fulton County rather than citizens of DeKalb County, that is of no consequence because, with only limited exceptions not applicable here, all defendants have a right to be tried where the alleged offense occurred.

---

[2] See *Widner v. State*, 203 Ga. App. 823, 824 (3) (418 SE2d 105) (1992), and the cases cited therein.

[3] *Harmon*, supra (judicial cognizance of the county location of Atlanta street not taken); *Smith v. State*, 138 Ga. App. 692 (1) (227 SE2d 468) (1976) (same).

[4] This principle has troubled the whole court before and was addressed a year ago in *Hall v. State*, 226 Ga. App. 298 (485 SE2d 800) (1997).

[5] (Citation and punctuation omitted.) *Thayer v. State*, 189 Ga. App. 321, 322 (1) (376 SE2d 199) (1988).

[6] Compare *Clark v. State* 213 Ga. App. 313, 315 (3) (444 SE2d 806) (1994) (nonprecedential), where two judges were of the opinion that the evidence of county was sufficient and the third judge disagreed but felt constrained to follow precedent.

*Judgment reversed. McMurray, P. J., and Smith, J., concur in the judgment only.*

Decided March 18, 1998.

*Kevin G. Ryan*, for appellant.
*June D. Green, Solicitor*, for appellee.