## A98A1033. HALL v. THE STATE.
### (502 SE2d 764)

Blackburn, Judge.

Rodriquez Hall was convicted following a jury trial of trafficking in cocaine. He appeals the trial court's denial of his motion to suppress. We affirm.

"When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them." (Punctuation omitted.) *Sanders v. State*, 226 Ga. App. 565, 566 (2) (487 SE2d 115) (1997).

On December 16, 1996, a narcotics investigator with the Richmond County Sheriff's Office received a tip from a confidential informant that Hall was currently in possession of a large amount of crack cocaine and was traveling with it by car to the 2100 block of Second Avenue. The investigator knew the informant, had dealt with him on previous occasions, and knew the informant had provided information in the past that led to a conviction. The investigator was also familiar with Hall, knew he frequented the area described by the informant, and knew he had been previously arrested on drug charges.

Based on the information provided, the investigator drove to the 2100 block of Second Avenue where he saw Hall. Hall was driving a Jeep and was accompanied by his 14-year-old cousin. The investigator stopped Hall. He told Hall he wanted to talk to him about whether he was carrying cocaine and asked him for permission to search the car. Hall made no response. The investigator "patted down" Hall and searched the immediate interior of the driver's side of the Jeep for weapons. The investigator then turned to Hall's cousin, who had gotten out of the Jeep of his own volition, and asked the cousin if he had anything to give him. The cousin reached into his pocket and pulled out plastic bags containing, combined, approximately 48 grams of crack cocaine. The cousin said the crack belonged to Hall.

In his sole enumeration of error, Hall contends the cocaine evidence should have been suppressed because the investigator discovered it in his automobile following a warrantless search that was not supported by probable cause, asserting that: "[t]he stop was not an investigative stop as so categorized by the police officer." To entertain Hall's argument — which is set forth in one conclusory paragraph — we would have to construe the evidence in a manner most favorable to him, which we are not authorized to do. *Sanders v. State*, supra. In testimony elicited by Hall, the investigator explained that he did not search the car until after the cousin voluntarily produced the cocaine in response to his initial questioning. Prior to that, the investigator had only "patted down" Hall and checked the inside of the car for weapons.

Construed to uphold the court's ruling, the record evidence establishes that the investigator conducted a brief investigatory stop based upon a confidential informant's tip. As we have repeatedly stated, probable cause is not necessary to conduct such a stop. "Momentary detention and questioning are permissible if based upon specific and articulable facts, which, taken together with rational inferences from those facts, justify a reasonable scope of inquiry not based on mere inclination, caprice or harassment. An authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has reasonable grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (Punctuation omitted.) *McFadden v. State*, 218 Ga. App. 327 (1) (461 SE2d 542) (1995). A confidential informant's tip may provide an officer with the articulable suspicion needed to justify the stop. Id. at 328 (1); *D'Angelo v. State*, 223 Ga. App. 558, 559 (1) (479 SE2d 384) (1996). And, a "policeman making a reasonable investigatory stop may conduct a limited protective search for concealed weapons when he has reason to believe that the suspect is armed and dangerous, and if, during the search contraband is turned up, it may be used as evidence in a prosecution for its possession." (Punctuation omitted.) *Hinson v. State*, 229 Ga. App. 840 (494 SE2d 693) (1997). Hall has not enumerated as error nor argued that the informant's tip was insufficient to authorize the investigatory stop or that the officer's weapons searches were unreasonable; therefore, those issues are not before us for determination. OCGA § 5-6-40; *MacDonald v. MacDonald*, 156 Ga. App. 565, 567 (1) (c) (275 SE2d 142) (1980).

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1998 —

*Christopher G. Nicholson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.