## S00A1796. WICKHAM v. THE STATE.
### (544 SE2d 439)

HINES, Justice.

On March 20, 2000, Robert David Wickham was charged by accusation in the City Court of Atlanta with driving under the influence of alcohol, in violation of OCGA § 40-6-391 (a) (1); disobeying a traffic control device, in violation of OCGA § 40-6-20; and failing to obtain a Georgia license within 30 days of becoming a resident, in violation of OCGA § 40-5-20 (a). Wickham moved to dismiss the charges or, in the alternative, to transfer his case to the State Court of Fulton County, contending that there is no proper constitutional basis for the existence of the City Court of Atlanta. The constitutional challenge to the court was denied, and this Court granted Wickham interlocutory review to address his assertion that the City Court of Atlanta is unconstitutional. For the reasons which follow, we affirm the denial of the constitutional challenge.

Wickham enumerates nine errors by the City Court in denying his challenge; however, Wickham's attack on the constitutionality of the City Court of Atlanta can be summarized as threefold: (1) The City Court, under Ga. L. 1996, p. 627, offends the exclusivity and uniformity provisions of the 1983 Georgia Constitution, Art. VI, Sec. I, Pars. I[1] and V;[2] alternatively, the enacting provisions of the 1996

---

[1] Paragraph I. Judicial power of the state.
The judicial power of the state shall be vested exclusively in the following classes of courts: magistrate courts, probate courts, juvenile courts, state courts, superior courts, Court of Appeals, and Supreme Court. Magistrate courts, probate courts, juvenile courts, and state courts shall be courts of limited jurisdiction. In addition, the General Assembly may establish or authorize the establishment of municipal courts and may authorize administrative agencies to exercise quasi-judicial powers. Municipal courts shall have jurisdiction over ordinance violations and such other jurisdiction as provided by law. Except as provided in this paragraph and in Section X, municipal courts, county recorder's courts and civil courts

Act exceed the bounds of permissible legislation under the 1983 Georgia Constitution, Art. XI, Sec. I, Par. IV,[3] and the 1967[4] and

in existence on June 30, 1983, and administrative agencies shall not be subject to the provisions of this article. The General Assembly shall have the authority to confer "by law" jurisdiction upon municipal courts to try state offenses.

[2] Paragraph V. Uniformity of jurisdiction, powers, etc.

Except as otherwise provided in this Constitution, the courts of each class shall have uniform jurisdiction, powers, rules of practice and procedure, and selection, qualifications, terms, and discipline of judges. The provisions of this Paragraph shall be effected by law within 24 months of the effective date of this Constitution.

[3] The paragraph, in pertinent part, provides:

Paragraph IV. Continuation of certain constitutional amendments for a period of four years.

(a) The following amendments to the Constitutions of 1877, 1945, and 1976 shall continue in force and effect as part of this Constitution until July 1, 1987, at which time said amendments shall be repealed and shall be deleted as a part of this Constitution unless any such amendment shall be specifically continued in force and effect without amendment either by a local law enacted prior to July 1, 1987, with or without a referendum as provided by law, or by an ordinance or resolution duly adopted prior to July 1, 1987, by the local governing authority in the manner provided for the adoption of home rule amendments to its charter or local Act: (1) amendments to the Constitution of 1877 and the Constitution of 1945 which were continued in force and effect as a part of the Constitution of 1976 pursuant to the provisions of Article XIII, Section I, Paragraph II of the Constitution of 1976 which are in force and effect on the effective date of this Constitution; (2) amendments to the Constitution of 1976 which were ratified as general amendments but which by their terms applied principally to a particular political subdivision or subdivisions which are in force and effect on the effective date of this Constitution; (3) amendments to the Constitution of 1976 which were ratified not as general amendments which are in force and effect on the effective date of this Constitution; and (4) amendments to the Constitution of 1976 of the type provided for in the immediately preceding two subparagraphs (2) and (3) of this Paragraph which were ratified at the same time this Constitution was ratified.

(b) Any amendment which is continued in force and effect after July 1, 1987, pursuant to the provisions of subparagraph (a) of this Paragraph shall be continued in force and effect as a part of this Constitution, except that such amendment may thereafter be repealed but may not be amended. The repeal of any such amendment shall be accomplished by local Act of the General Assembly, the effectiveness of which shall be conditioned on its approval by a majority of the qualified voters voting thereon in each of the particular political subdivisions affected by the amendment.

(c) All laws enacted pursuant to those amendments to the Constitution which are not continued in force and effect pursuant to subparagraph (a) of this Paragraph shall be repealed on July 1, 1987. All laws validly enacted on, before, or after July 1, 1987, and pursuant to the specific authorization of an amendment continued in force and effect pursuant to the provisions of subparagraph (a) of this Paragraph shall be legal, valid, and constitutional under this Constitution. Nothing in this subparagraph (c) shall be construed to revive any law not in force and effect on June 30, 1987.

[4] The 1967 constitutional amendment, Ga. L. 1967, p. 963, provided in relevant part:

Paragraph III. The General Assembly may, in its discretion, create a new court or system of courts in and for each city of this State having a population of more than 300,000 according to the United States Decennial Census of 1960, and any future such United States Census, conferring upon such new court or system of courts jurisdiction to issue warrants, try cases and impose sentences thereon:

1986[5] constitutional amendments under which the City Court existed prior to 1996; (2) the City Court's exercise of jurisdiction over traffic misdemeanors cannot be justified on the ground that the City Court is a municipal court; and (3) inasmuch as the City Court lacks constitutional existence and jurisdiction under the 1983 Georgia Constitution, its exercise of traffic misdemeanor jurisdiction violates due process under the State and Federal Constitutions.

The City Court of Atlanta, under Ga. L. 1996, p. 627, does not violate the exclusivity and uniformity provisions of the 1983 Georgia Constitution, Art. VI, Sec. I, Pars. I and V.

It is certainly plain, as Wickham contends, that the 1983 Georgia Constitution provides that the judicial power of the state is to be exercised by "magistrate courts, probate courts, juvenile courts, state courts, superior courts, the Court of Appeals, and Supreme Court." Art. VI, Sec. I, Par. I. And that with the exception of certain preexisting courts, state courts are to have "uniform jurisdiction." 1983 Ga. Const., Art. VI, Sec. I, Par. V. However, Par. V expressly acknowledges the existence of non-uniform courts, stating that the courts of each class are to have uniform jurisdiction "[e]xcept as otherwise provided in this Constitution." Art. VI, Sec. X, Par. I cites the City Court of Atlanta by name and provides that it, along with other specified courts and administrative agencies having quasi-judicial powers, "shall continue with the same jurisdiction as such courts and agencies have on the effective date of this article until otherwise provided by law." Furthermore, with certain exceptions, those non-uniform

---

(1) In all misdemeanor cases arising under the Act known as the Georgia State Highway Patrol Act of 1937, as the same exists or may hereafter be amended, and all other traffic laws of the State, as the same exist or may hereafter be amended.

(2) In all misdemeanor cases arising under any law of the State regulating the ownership and operation of motor vehicles within its territorial jurisdiction, as the same exists on January 1, 1969, or as may thereafter be extended, and

(3) In all cases arising under any charter provision or ordinance of any such city regulating traffic or the ownership or operation of motor vehicles. . . . Any court or system of courts so established shall not be subject to the rules of uniformity in Paragraph I, Section IX of Article VI of the Constitution of 1945. The General Assembly is authorized to delegate to the governing authorities of any such municipality any and all powers necessary and appropriate for the establishment, operation and maintenance of such court.

[5] The 1986 "continuation amendment," Ga. L. 1986, p. 4820, provided in pertinent part:

Section 1. That constitutional amendment authorizing the General Assembly to create a new court or system of courts in each city having a population of more than 300,000 and to provide jurisdiction of such court or system of courts . . . shall not be repealed or deleted on July 1, 1987, as part of the Constitution of the State of Georgia but is specifically continued in force and effect on and after that date as a part of the Constitution of the State of Georgia.

Section 2. This Act is passed pursuant to Article XI, Section I, Paragraph IV of the Constitution of the State of Georgia which authorizes the continuation of certain amendments to the Constitution.

courts in existence on June 30, 1983 are not subject to the exclusivity provisions of Article VI. 1983 Ga. Const., Art. VI, Sec. I, Par. I. Thus, the 1983 Georgia Constitution recognizes the existence of the City Court of Atlanta as a non-uniform city court. See *Wojcik v. State*, 260 Ga. 260 (392 SE2d 525) (1990).

Yet, Wickham claims that the City Court was undermined by the 1996 Act, Ga. L. 1996, p. 627, because the Act violated the requirements governing the establishment of state courts, in that, the 1996 Act, while purporting to create "a system of state courts," Ga. L. 1996, p. 627, § 1,[6] pursuant to Article VI, Sec. I, limited the City Court of Atlanta's subject matter jurisdiction to state laws regarding traffic and "all other crimes and offenses arising out of the same occurrence. . . ."[7] Ga. L. 1996, p. 627, § 3.[8] Therefore, he argues, by specifying the court as part of a "system of state courts" yet limiting its jurisdiction, the act is inconsistent with the constitutional requirements for the creation of such courts. But this contention is unavailing.

This Court will not presume that the General Assembly intended to enact an unconstitutional law, and when the language of an act is susceptible of a construction that is constitutional, and another that would be unconstitutional, this Court will apply the meaning or construction which will sustain the act. *HCA Health Svcs. v. Roach*, 265 Ga. 501, 503 (2) (458 SE2d 118) (1995). This Court too must be mindful of the cardinal rule in construing legislative acts, which is to ascertain the legislative intent. *Kemp v. City of Claxton*, 269 Ga. 173, 175 (1) (496 SE2d 712) (1998). What is more, the various provisions of the Act should be viewed in harmony and in a manner which will not produce an unreasonable or absurd result. *Vollrath v. Collins*,

---

[6] The language "re-create a system of state courts" is found in the preamble of the Act, which more fully reads: "To re-create a system of state courts of limited jurisdiction for each city of this state having a population of 300,000 or more. . . ."

[7] Wickham is charged with only traffic-related offenses, so there is no issue in this appeal about the City Court's jurisdiction over "all other crimes and offenses arising out of the same occurrence."

[8] Ga. L. 1996, p. 627, § 3 provides:

Each court shall have jurisdiction coextensive with the territorial limits of the city in which it is located over:

(1) All crimes and offenses under the laws of the state relating to and regulating traffic, and all other crimes and offenses arising out of the same occurrence as such traffic offense, not above the grade of misdemeanor and not exclusively cognizable in the superior courts; provided, however, no defendant shall be tried on a misdemeanor charge in any county except where the alleged offense was committed.

(2) All offenses against the duly enacted laws and ordinances of such city relating to and regulating traffic, and all other offenses against laws and ordinances of such city arising out of the same occurrence as such traffic offense. Punishment for such offenses shall be imposed as provided by laws and ordinances duly enacted by the governing authority of such city.

272 Ga. 601, 604 (2) (533 SE2d 57) (2000); *Barton v. Atkinson*, 228 Ga. 733, 738 (1) (187 SE2d 835) (1972). That is why we decline to accept Wickham's premise that the phrase "system of state courts" found in the preamble of the 1996 Act amounts to an unconstitutional attempt by the General Assembly to place the City Court of Atlanta in the class of "state court," under Article VI, Paragraph I, while restricting its jurisdiction.

Certainly under the 1996 Act, by its terms, the City Court is a court authorized "pursuant to the provisions of Article VI, Section I," Ga. L. 1996, § 1, but as has already been discussed, Article VI, Section I permits certain non-uniform courts in existence on June 30, 1983, as was the City Court of Atlanta. What is more, § 1 of the 1996 Act further states that the City Court of Atlanta is to exist under the 1967 and 1986 constitutional amendments which authorized the City Court of Atlanta prior to the 1996 Act. See also Ga. L. 1996, p. 639, § 29. Thus, the 1996 Act does not attempt to transform the City Court of Atlanta into the exclusive category of a "state court," but rather continues its existence as a constitutionally sanctioned city court. In fact, the City Court under the 1996 Act has been characterized as a "state-established city court." See *Waller v. State*, 231 Ga. App. 323, 324 (498 SE2d 362) (1998); see also *City of Lawrenceville v. Davis*, 233 Ga. App. 1 (502 SE2d 794) (1998). The existence of the City Court of Atlanta, pursuant to the 1996 Act, does not offend the exclusivity and uniformity provisions of the 1983 Georgia Constitution.

Moreover, the fact that the City Court of Atlanta remains a city court under the 1996 Act refutes Wickham's alternate contention that it is outside the constitutional confines of the 1983 Ga. Const., Art. XI, Sec. I, Par. IV, and the 1967 and 1986 constitutional amendments under which the City Court existed prior to 1996.[9] Compare *Lomax v. Lee*, 261 Ga. 575, 579 (3) (408 SE2d 788) (1991). This fact also defeats Wickham's arguments regarding defects in the City Court as a municipal court under OCGA § 36-32-1. Although OCGA § 36-32-1 (a) refers to the City Court of Atlanta, the City Court is not established pursuant to the statute.[10] Rather, it is an entity pre-

---

[9] Our determination also renders meritless Wickham's collateral assertions that inasmuch as the City Court lacks constitutional authorization under the 1996 Act, it has ceased to exist because of a severable repealer provision in the Act, and that the City Court is non-existent because the 1996 Act is a population bill prohibited under 1983 Ga. Const., Art. III, Sec. VI, Par. IV (b). In argument, Wickham also states that certain of the statutory exceptions to the population bill prohibition contained in OCGA § 28-1-15 (c) are unconstitutional. However, it is not a viable issue in this appeal as the lower court did not expressly rule on the constitutionality of that statute, and Wickham does not pursue the claim with supporting legal argument.

[10] Accordingly, there is no merit to Wickham's assertion that if the City Court were treated as a municipal court under the 1996 Act, the Act would be unconstitutional because

served in the 1983 Georgia Constitution[11] and carried forth in the 1996 Act.

The City Court of Atlanta does not lack constitutional existence; therefore, contrary to Wickham's contention, its exercise of jurisdiction in his case does not run afoul of state or federal due process.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 21, 2001.

*William C. Head*, for appellant.
*Joseph J. Drolet, Solicitor, Katherine Diamandis, Assistant Solicitor*, for appellee.

---

it contained matter different from that expressed in its title in violation of 1983 Ga. Const., Art. III, Sec. V, Par. III.

[11] References in the 1983 Georgia Constitution to the City Court of Atlanta as a municipal court are descriptive of the geographic scope of the court's jurisdiction as city-wide, and not that it is subject to the statutory provisions for the establishment of municipal courts. See 1983 Ga. Const., Art. VI, Sec. I, Par. I & Art. VI, Sec. X, Par. I (5).