A02A0784. ODUM v. THE STATE.
(564 SE2d 490)

ELDRIDGE, Judge.

Following a bench trial in the City Court of Atlanta upon charges brought by using the Uniform Traffic Citation, Summons Form, defendant William Odum was convicted of speeding 99 mph in a 55-

mph zone in violation of OCGA § 40-6-181 and reckless driving in violation of OCGA § 40-6-390.[1] He was sentenced to fines totaling $600 and ordered to attend defensive driving school. The defendant appeals, contending that the city court erred in admitting evidence of his speed for noncompliance with OCGA § 40-14-4, i.e., the State neither proved that the Federal Communications Commission licensed the City of Atlanta Police Department to use the laser speed detection device used to clock his speed nor showed that the Department of Public Safety ("DPS") certified the technician who calibrated the device before it was placed in service. In further claims of error, the defendant challenges the sufficiency of the evidence supporting his reckless driving conviction and contends that his convictions should be reversed in that he did not knowingly and intelligently waive his right to a jury trial. Finding the defendant's claims of error to be without merit, we affirm. *Held*:

1. Defendant's OCGA § 40-14-4 defective foundation claims to the contrary notwithstanding, the admissibility of evidence obtained from laser speed detection devices is controlled by OCGA § 40-14-17. *Van Nort v. State*, 250 Ga. App. 7, 8 (1) (550 SE2d 111) (2001); see also *Johnson v. State*, 146 Ga. App. 277, 279-280 (2) (246 SE2d 363) (1978) (legislature has power to modify rules of evidence). OCGA § 40-14-17 pertinently requires that the State introduce a certified copy of the DPS's list of approved laser speed detection devices. Given this foundation alone, independent of those required under OCGA § 40-14-4 as to speed determined by radar detection devices, evidence of speed measured by an "approved" laser speed detection device is admissible. *Van Nort v. State*, supra. We do not reach the further question of whether the State complied with OCGA § 40-14-17 in that this issue has not been enumerated and is not before us on appeal. OCGA § 5-6-40; *Hall v. State*, 232 Ga. App. 664, 665 (502 SE2d 764) (1998); *MacDonald v. MacDonald*, 156 Ga. App. 565, 567 (1) (c) (275 SE2d 142) (1980). "Matters not enumerated as error will not be considered on appeal." *Rider v. State*, 226 Ga. 14, hn. 2 (172 SE2d 318) (1970).

2. The arresting officer testified that while driving 99 mph in a 55-mph speed zone, the defendant twice changed lanes without signaling in an effort to evade pursuit. Viewed in the light most favorable to the verdict, this evidence showed a sufficient disregard for the

---

[1] The City Court of Atlanta under a population bill is a constitutional court with jury jurisdiction; Ga. L. 1967, p. 963, further, by amendment, it has some concurrent jurisdiction with the state court. Ga. L. 1996, pp. 627, 632, § 10. Appeals from a constitutional city court are within the jurisdiction of this Court where conviction is under OCGA § 40-13-1 et seq. OCGA § 5-6-34 (a); *Parnell v. City of Atlanta*, 173 Ga. App. 602-603 (327 SE2d 569) (1985); *Williams v. City of Atlanta*, 135 Ga. App. 765, 766 (219 SE2d 17) (1975).

safety of the arresting officer and the other drivers on the roadway to authorize the jury to find beyond a reasonable doubt that the defendant was guilty of reckless driving. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 40-6-390 (a) ("Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving."); *Moore v. State*, 234 Ga. App. 333, 334 (3) (d) (506 SE2d 685) (1998).

3. By his final enumeration of error, the defendant for the first time on appeal claims that he did not knowingly and intelligently waive his right to a jury trial.[2] It is well settled that "[a] criminal defendant must personally and intelligently participate in the waiver of his right to a jury trial. *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996), citing *Patton v. United States*, 281 U. S. 276 (50 SC 253, 74 LE 854) (1930)." *Whitaker v. State*, 244 Ga. App. 241, 243 (4) (535 SE2d 283) (2000). Where the purported waiver of this right is challenged

> the State bears the burden of showing the waiver was made both intelligently and voluntarily, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly, voluntarily, and intelligently made.

(Citation and punctuation omitted.) *Jones v. State*, 212 Ga. App. 676, 679 (2) (442 SE2d 908) (1994).

The record shows that the defendant "checked" and placed his initials opposite statements by which he pled not guilty and indicated that he did so "knowingly and willfully waiving [his] right to a jury trial." These actions appeared over his signature, the signature of trial defense counsel, and that of the prosecutor. Although the defendant's waiver of his right to a jury trial was not obtained in open court, such waiver was not required; neither was it required to conform to any approved format. *Whitaker v. State*, supra at 244; *Wooten v. State*, 162 Ga. App. 719, 720 (293 SE2d 11) (1982). Further, we presume regularity in court proceedings, *Vaughan v. Buice*, 253 Ga. 540 (322 SE2d 282) (1984), and "[t]he Sixth Amendment relies on the legal profession's maintenance of standards sufficient to justify

---

[2] "Generally, claims of error not objected to in the trial court may not be raised for the first time on appeal, except for certain constitutional issues, among which is whether the defendant waived his constitutional right to a jury trial. [Cit.]" *Whitaker v. State*, 244 Ga. App. 241, 243 (4) (535 SE2d 283) (2000).

the law's presumption that counsel will fulfill the role in the adversary process that the Amendment envisions. *Strickland v. Washington,* 466 U. S. 668, 688 (104 SC 2052, 2064, 80 LE2d 674) (1984)." (Punctuation omitted.) *Brooks v. State,* 243 Ga. App. 246, 249 (1) (a) (iii) (532 SE2d 763) (2000). There is here no claim to the contrary. The defendant did not question his waiver of a jury trial in the trial court. Under these circumstances, we conclude that the evidence shows that the defendant personally, voluntarily, knowingly, and intelligently participated in the decision to waive a jury trial in this case. Compare *Bostic v. State,* 252 Ga. App. 242, 243 (1) (555 SE2d 894) (2001) (trial court announced defendant's waiver of a jury trial and trial defense counsel alluded to waiver at sentencing); compare also *Whitaker v. State,* supra (prosecutor announced defendant's waiver of a jury trial and unsigned handwritten notation purporting to show the same). Accordingly, this claim of error is likewise without merit.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED APRIL 15, 2002.

*Patterson & Patterson, Jackie G. Patterson,* for appellant.
*Joseph J. Drolet, Solicitor-General, Michael Y. Doko, Assistant Solicitor-General,* for appellee.