## A03A0681. GARDNER v. THE STATE.
### (582 SE2d 566)

JOHNSON, Presiding Judge.

J. C. Gardner was tried in the City Court of Atlanta for driving on the wrong side of the road, improper backing, driving without proof of insurance, and fleeing and attempting to elude an officer. The trial court, sitting without a jury, found Gardner guilty on all counts, except for driving without proof of insurance. On appeal, Gardner contends that the state failed to prove venue, and that the trial court failed to determine whether he waived his right to a jury trial. We affirm his convictions.

1. Gardner urges that the state failed to prove that the charged offenses occurred in Fulton County. Because the case was tried in the City Court of Atlanta, and the state was not required to prove the *county* in which the crimes were committed, this enumeration is without merit.

Article VI, Section II, Paragraph VI of the 1983 Georgia Constitution provides that all criminal cases shall be tried in the county where the crime was committed. However, Article VI, Section I, Paragraph I of the constitution provides that certain courts, including municipal courts, in existence on June 23, 1983, are not subject to the provisions of Article VI.[1] The City Court of Atlanta is recognized as a nonuniform constitutionally sanctioned city court not subject to Article VI.[2]

Furthermore, in 1999 the state legislature amended the law so as to recreate a system of state courts of limited jurisdiction for each city of this state having a population of 300,000 or more, so as to give such city courts jurisdiction to try offenses against traffic laws.[3] The law as amended provides that each such court "shall have jurisdiction and *venue coextensive with the territorial limits of the city.*" (Emphasis supplied.) The amendment conflicts with (and expressly repeals) a 1996 Georgia Law which did not include the word "venue" and provided that misdemeanors must be tried in the *county* where the offense was committed.[4]

Thus, venue for the City Court of Atlanta is based on the territorial limits of the City of Atlanta, rather than county lines. Therefore, venue was proven in this case when the police officer testified that the encounter occurred in the City of Atlanta.

---

[1] Article VI, Section I, Paragraph I exempts municipal courts such as the City Court of Atlanta from all of Article VI provisions except for Section X and Section I, Paragraph I.

[2] See *Wickham v. State*, 273 Ga. 563, 566-567 (544 SE2d 439) (2001).

[3] Ga. L. 1999, pp. 830-831, § 1.

[4] Compare *Waller v. State*, 231 Ga. App. 323, 324 (498 SE2d 362) (1998) (physical precedent only) (based on Ga. L. 1996, p. 628, § 3, state was required to prove, in case brought in City Court of Atlanta, that offense occurred in particular county).

We realize that our decision on this issue is contrary to that reached in *Walker v. State*.[5] In that case, a panel of this Court held that venue was not established in a case tried in the City Court of Atlanta, where the evidence showed that the offense was committed inside the City of Atlanta, but not within any particular county. However, we believe that *Walker* failed to take into consideration the unique character of a court such as the City Court of Atlanta, as recognized by our constitution, *Wickham*,[6] and the 1999 amendment to Georgia law. Indeed, the Supreme Court has granted certiorari in the *Walker* case in order to decide, among other things, precisely the issue decided here: whether proof that an offense occurred within the city limits of Atlanta is sufficient to establish venue in the City Court of Atlanta.[7] In our opinion, such proof is sufficient. To the extent *Walker* conflicts with our decision in this case, it is overruled.

Accordingly, Gardner's argument that the convictions must be reversed because venue was not established is without merit.

2. Gardner contends that the trial court failed to determine whether he made a voluntary, knowing, and intelligent waiver of his right to a jury trial. This claim has no merit.

The record shows that Gardner and his attorney signed an "Affidavit of Defendant Prior to Entering Plea." The affidavit contained the following statement, which Gardner initialed: "I am knowingly and willfully waiving my right to a jury trial." This Court has found such a waiver to be adequate.[8] A waiver in open court is preferred, but it is not required.[9] Under the circumstances, the record shows that Gardner personally, voluntarily, knowingly, and intelligently participated in the decision to waive his right to a jury trial.[10]

*Judgment affirmed. Smith, C. J., Andrews, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED MAY 30, 2003 — 

*William T. Kemp III, Tara D. Dickerson*, for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellee.

---

[5] 258 Ga. App. 354, 356 (2) (574 SE2d 317) (2002).
[6] Supra.
[7] *State v. Walker*, Case No. S03G0431 (February 10, 2003).
[8] *Jackson v. State*, 257 Ga. App. 715, 717 (4) (572 SE2d 60) (2002); *Odum v. State*, 255 Ga. App. 70, 72-73 (3) (564 SE2d 490) (2002).
[9] *Jackson*, supra; *Whitaker v. State*, 244 Ga. App. 241, 244 (4) (535 SE2d 283) (2000).
[10] See *Odum*, supra at 73 (3).