S03G0431. THE STATE v. WALKER.
(585 SE2d 77)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Walker v. State*, 258 Ga. App. 354 (574 SE2d 317) (2002), to determine whether venue for the City Court of Atlanta must be proven to be in either Fulton County or DeKalb County. We hold that venue in the City Court of Atlanta, a non-uniform constitutional court in which venue is coextensive with the territorial limits of the city, need not be shown to lie in either county.

Via uniform traffic citations, Ronnie Walker was charged with several misdemeanor offenses: failure to stop at a stop sign, driving with a suspended license, and giving false information to a law enforcement officer. Walker appeared in the City Court of Atlanta and pleaded nolo contendere to the suspended license charge. He was tried without a jury on the remaining charges and found guilty. On appeal, the Court of Appeals reversed, holding (1) the State failed to prove venue because, although it demonstrated that the crimes were committed in the City of Atlanta, it did not show the county in which the crimes were committed; and (2) the uniform traffic citation was not an appropriate charging instrument as to the false information charge.

1. Under the Georgia Constitution, venue in our *uniform* courts must be proven to lie in the county in which a crime was committed. *Wickham v. State*, 273 Ga. 563 (544 SE2d 439) (2001); Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. However, the City Court of Atlanta was authorized and created as a *non-uniform* court. *Wickham*, supra at

565. As such, it is not subject to the venue provisions of our Constitution. Art. VI, Sec. I, Par. I. See OCGA § 17-2-2 (a) (criminal cases to be tried in county where crime committed, "except as otherwise provided by law"). This is logical because the City of Atlanta lies in both Fulton and DeKalb Counties; and the jurisdiction and venue of the City Court of Atlanta are "coextensive with the territorial limits of the city." Ga. L. 1999, p. 830. Thus, proof that an offense occurred in either Fulton or DeKalb County would be virtually meaningless in a case brought in the City Court of Atlanta. All that is required is that it be shown that the crime took place within the city limits. Accord *Gardner v. State*, 261 Ga. App. 425 (582 SE2d 566) (2003) (overruling *Walker v. State*, supra). That was done in this case.

2. In concluding that the traffic citation was not a valid charging instrument with regard to the false information offense, the Court of Appeals relied on the case of *Shaver v. City of Peachtree City*, 253 Ga. App. 212 (558 SE2d 409) (2001). However, this Court recently reversed that case in *City of Peachtree City v. Shaver*, 276 Ga. 298 (578 SE2d 409) (2003). And our holding there – that a traffic citation is a valid charging instrument in municipal court for non-traffic misdemeanors arising out of traffic offenses – controls here.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 10, 2003.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General*, for appellant.

*Jackie G. Patterson*, for appellee.