A04A0566. HOUSTON v. THE STATE.
(599 SE2d 278)

BLACKBURN, Presiding Judge.

Following his conviction in the City Court of Atlanta for speeding,[1] Matthew Houston appeals. Houston contends, and the State agrees, that his conviction must be reversed because he was issued a traffic citation which failed to allege the incident took place within the City of Atlanta. For the reasons set forth below, we reverse.

The record shows that Houston filed a general demurrer to quash the citation as being fatally defective because it failed to establish venue by alleging that the incident took place within the City of Atlanta. The trial court erred when it denied this motion.

Venue is a material element which must be alleged in any indictment or accusation. *Brown v. State*,[2] citing *Conley v. State of Ga.*[3] Here, the uniform traffic citation serves as the accusation, as it does in most traffic cases.[4] A failure to allege venue "goes to the merits . . . and renders an indictment or accusation subject to a general demurrer." *Brown*, supra at 866.

---

[1] OCGA § 40-6-181.
[2] *Brown v. State*, 181 Ga. App. 865 (354 SE2d 169) (1987).
[3] *Conley v. State of Ga.*, 83 Ga. 496 (10 SE 123) (1889).
[4] OCGA § 40-13-1.

Normally, an indictment or accusation must allege the *county* in which the incident took place. *Brown,* supra. But, the Georgia Constitution allows for the creation of courts that are not subject to uniform requirements. Ga. Const. 1983, Art. VI, Sec. I, Par. V.[5] For example,

> the City Court of Atlanta was authorized and created as a *non-uniform* court. As such, it is not subject to the venue provisions of our Constitution. This is logical because the City of Atlanta lies in both Fulton and DeKalb Counties; and the jurisdiction and venue of the City Court of Atlanta are "coextensive with the territorial limits of the city."

(Citations omitted.) *State v. Walker.*[6]

Venue, once properly alleged, must also be proven by the State. In the City Court of Atlanta, "proof that an offense occurred in either Fulton or DeKalb County would be virtually meaningless in a case brought in the City Court of Atlanta. All that is required is that it be shown that the crime took place within the city limits." *Walker,* supra at 757 (1).

Here, Houston's citation failed to allege that his crime took place within the city limits, and as this initial hurdle was not satisfied, we need not consider proof of venue. The citation alleged Houston's crime took place in Fulton County. That allegation is improper and ultimately meaningless. As such, we must reverse his conviction.

As a final note, we commend the State for forthrightly conceding the error in this case which is clear on the face of the record. In so doing, the State fulfills its first duty to ensure that justice is served.

*Judgment reversed. Barnes and Mikell, JJ., concur*

DECIDED MAY 7, 2004.

*Jackie G. Patterson,* for appellant.
*Joseph J. Drolet, Solicitor-General,* for appellee.

---

[5] "Except as otherwise provided in this Constitution, the courts of each class shall have uniform jurisdiction, powers, rules of practice and procedure, and selection, qualifications, terms, and discipline of judges."

[6] *State v. Walker,* 276 Ga. 756-757 (1) (585 SE2d 77) (2003).