## A09A0246. JONES v. THE STATE.
(678 SE2d 483)

JOHNSON, Presiding Judge.

Following a bench trial, the Probate Court of Meriwether County found Billy Thomas Jones guilty of driving under the influence of alcohol. Jones appealed his conviction to the superior court, arguing that the probate court erred in failing to quash his accusation. The superior court upheld the conviction, and Jones now seeks further review. Finding no error, we affirm.

At issue is the venue requirement for charging instruments filed in probate court. Under Georgia law, venue is a material element of a crime, and it must be alleged in an accusation or indictment.[1] A charging instrument that does not meet the venue requirement is subject to a general demurrer.[2]

In this case, the state's probate court accusation charged Jones with driving under the influence of alcohol "in the State of Georgia and in the County of Meriwether" on August 9, 2005. Asserting that the venue allegation was insufficient, Jones moved to quash the accusation. He noted that under OCGA § 40-13-29, a probate court only has jurisdiction over misdemeanor traffic offenses that occur "in the county *outside of municipal corporations*."[3] According to Jones, a probate court accusation does not meet the venue requirement by merely setting forth the county of the offense. It must also allege other facts necessary to bring the case within the probate court's jurisdiction, including that the crime took place outside the limits of any municipal corporation.

We disagree. The term "venue" means "the place of trial."[4] In most cases, venue allegations are sufficient if they state the county in which the crime is alleged to have occurred.[5] This is so because, under Article VI of our Constitution, criminal cases generally must be tried in the county where the crime was committed.[6] We recognize that the Constitution exempts certain courts, such as specified municipal courts, from the Article VI provisions, and venue in those

---

[1] *Houston v. State*, 267 Ga. App. 315 (599 SE2d 278) (2004).

[2] Id.

[3] (Emphasis supplied.)

[4] (Citation and punctuation omitted.) *Hardwick v. State*, 264 Ga. 161, 164 (2) (442 SE2d 236) (1994).

[5] *Houston*, supra at 316; *Russell v. State*, 174 Ga. App. 436 (1) (330 SE2d 175) (1985).

[6] Ga. Const. 1983, Art. VI, Sec. II, Par. VI.

YALE LAW LIBRARY

courts does not necessarily follow county lines.[7] Jones, however, has not cited — and we have not found — any authority exempting probate courts from the constitutional venue provision.

In our view, a probate court accusation meets the venue requirement if it alleges that the crime occurred in a particular county. Such an allegation may not conclusively establish the probate court's jurisdiction over a case.[8] But the issues of venue and jurisdiction are separate concepts.[9] And a county allegation sufficiently sets forth the material element of venue. The probate court, therefore, properly denied Jones' venue-based motion to quash.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 27, 2009 —
RECONSIDERATION DENIED MAY 14, 2009 ▮▮▮▮▮▮

*Virgil L. Brown*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, John B. Cunningham, Assistant District Attorneys*, for appellee.

---

[7] Ga. Const. 1983, Art. VI, Sec. I, Par. I. See also *Houston*, supra at 316 (to properly allege venue in case brought in the City Court of Atlanta, the state must assert that the crime took place within the Atlanta city limits); *Gardner v. State*, 261 Ga. App. 425 (1) (582 SE2d 566) (2003) ("The City Court of Atlanta is recognized as a nonuniform constitutionally sanctioned city court not subject to Article VI.") (footnote omitted).

[8] See OCGA §§ 40-13-21; 40-13-29 (outlining limited jurisdiction of probate courts over misdemeanor traffic offenses).

[9] See Black's Law Dictionary, at 1557 (6th ed. 1990) ("Venue does not refer to jurisdiction at all.").