A09A0256. KNAPP v. THE STATE.
(678 SE2d 501)

PHIPPS, Judge.

Jane Marie Knapp was convicted of DUI in the Probate Court of Meriwether County. Her conviction was affirmed on appeal to the Meriwether County Superior Court. She now appeals to this court, complaining of defects in the accusation under which she was tried. Because the body of the accusation identified someone other than Knapp as the perpetrator of the crime charged, we find the accusation fatally defective and reverse.

A traffic citation was issued charging "Jane Marie Knapp" with driving under the influence of alcohol on February 24, 2006, in Meriwether County. On April 26, a one-count DUI accusation referencing the number of the February 24 traffic citation was preferred

---

in the Probate Court of Meriwether County. The accusation was styled "State of Georgia v. Jane Marie Knapp." And although it alleged that a DUI offense occurred on February 24, 2006, in Meriwether County, the body of the accusation identified as the defendant an individual named "Billy Thomas Jones."

On March 29, Knapp's attorney filed a waiver of formal arraignment and entry of a plea of not guilty on her behalf. On the same date, counsel served a packet of demands and motions on the prosecutor. Included within this packet was a motion to quash the accusation on various grounds, including that it did "not charge this defendant with any crime against the laws of Georgia." Knapp later amended her motion to quash to include as a ground that venue was not properly alleged. Following an untranscribed bench trial, the probate court entered judgment convicting Knapp of DUI and imposing a fine and 12-month probated sentence.

In Knapp's appeal to superior court, it was shown that although there was an attempt to record the proceedings in probate court, the recording device malfunctioned so that no transcript was prepared. Defense counsel stated that he was nonetheless appealing the probate court's failure to grant his motion to quash the indictment. The prosecutor countered that the record does not reflect any ruling by the probate court on the motion to quash. Following the hearing, the superior court entered an order affirming Knapp's conviction. As to the accusation, the court found no support for Knapp's argument that venue had been improperly alleged. The court further found that Knapp had waived her argument that the accusation had not properly alleged that she was driving, by failing to challenge the accusation on that ground in her motion to quash.

1. Applying cases such as *Culpepper v. State*[1] and *Noeske v. State*,[2] we find the accusation fatally defective because of its allegation that someone other than the defendant committed the crime charged.

In *Culpepper*, as here, the accusation was styled in the defendant's correct name (Ed C. Culpepper), but the body of the accusation charged one "Ed C. Magruder" (Magruder having been the surname of the prosecutor) with the offense laid. The defendant did not, however, challenge the accusation on this ground until after all evidence had been introduced at trial. The question presented was whether the defect rendered the accusation null and void, so that the defendant had not waived the defect. Our Supreme Court answered

---

[1] 173 Ga. 799 (161 SE 623) (1931).
[2] 181 Ga. App. 778, 779-780 (2) (353 SE2d 635) (1987).

this question in the affirmative, concluding:

> In the view which we take of this case, misnomer of Ed C. Culpepper is not involved. Misnomer is a mistake in a name, the giving of an incorrect name to a person in an accusation, indictment, pleading, or other instrument. Culpepper was not named by misnomer in this accusation. The defect in the accusation is that it did not name Culpepper as the perpetrator of the crime in the charging part thereof or elsewhere therein, by a misnomer or otherwise. The trouble is that it designated a distinct and separate person as the perpetrator of the offense. The surname of the defendant must be alleged in the charging part of the accusation, and its omission therefrom is fatal to the accusation or indictment.[3]

*Culpepper*, therefore, held that "the accusation in this case was null and void as to Culpepper and he could not be convicted thereunder, and that a judgment of conviction could be arrested."[4] On similar facts, this court later observed in *Noeske* that "we can think of nothing more basic which should be properly charged in an accusation or indictment than the name of the alleged perpetrator."[5] *Noeske* thus rejected the state's characterization of the faulty language as nothing more than a harmless clerical error.

Here, Knapp moved to quash the accusation in the probate court on the ground that it did not charge "this defendant" with any crimes. Therefore, on appeal to superior court, she could complain of the probate court's failure to grant her motion on the ground that the accusation charged another person with commission of the subject offense, even though no ruling on the motion appears in the record.[6]

2. Under our recent decision in *Jones v. State*,[7] the accusation properly alleged venue in Meriwether County even though, as argued by Knapp, the Probate Court of Meriwether County has jurisdiction of only those misdemeanor traffic cases originating in the unincorporated area of the county.[8]

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

---

[3] 173 Ga. at 799-800 (citations omitted).

[4] Id. at 801.

[5] 181 Ga. App. at 780 (2).

[6] Cf. *Bowman v. State*, 227 Ga. App. 598, 599 (1) (490 SE2d 163) (1997), citing OCGA § 17-9-61; compare *Jones v. State*, 240 Ga. App. 484, 485 (2) (523 SE2d 73) (1999).

[7] 297 Ga. App. 843 (678 SE2d 483) (2009).

[8] See OCGA § 40-13-29.

YALE LAW LIBRARY

Decided May 11, 2009.

*Virgil L. Brown*, for appellant.
*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.