## 58114. STONE v. THE STATE.

SHULMAN, Judge.

Defendant was tried in the Superior Court of Telfair County and found guilty of the traffic offenses of improper tag, driving under the influence, and operating a motor vehicle without a current inspection sticker. We reverse.

1. Appellant's contention that the court erred in overruling his oral motion to quash is well taken.

A. "An oral motion to quash an indictment [or accusation], which is made after the issue has been joined raises only a question of whether the indictment [or accusation] is so defective that motion in arrest of judgment would lie. [Cit.]" *Tate v. State,* 142 Ga. App. 487, 488 (2) (236 SE2d 173). Since an objection to accusations on the grounds that supporting affidavits were not attached may be raised by motion in arrest of judgment (*Gilbert v. State,* 17 Ga. App. 143 (1, 4) (86 SE 415)), such an objection may be properly raised by way of an oral motion.

B. Because this case was tried in the superior court, the state may not proceed by way of uniform traffic citation. Code Ann. § 92A-2702, which authorizes the use of the uniform traffic citation and complaint form in lieu of indictment or accusation, specifically excepts superior courts from its operation. Compare *Holland v. State,* 151 Ga. App. 189, involving a trial in a state court.

C. In the instant case the accusations lack supporting affidavits. This being so, there was no foundation for the proceedings and the whole trial was a nullity. *Bickley v. State,* 243 Ga. 488 (1) (255 SE2d 31).

2. Because we are reversing the judgment, remaining enumerations of error need not be considered.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED JULY 2, 1979 — DECIDED SEPTEMBER 26, 1979.

*J. Laddie Boatright,* for appellant.
*Phillip R. West, District Attorney,* for appellee.