## 58764. BOSS v. THE STATE.

MCMURRAY, Presiding Judge.
On March 21, 1979, defendant was charged by a document bearing the heading "Georgia Uniform Traffic Citation, Summons, Accusation" with failure to report an accident in violation of Code Ann. § 68-1623 (Ga. L. 1953, Nov. Sess., pp. 556, 574; 1978, pp. 1494, 1495). Code Ann. § 68-1623, supra, directs that "[t]he driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $250 or more shall immediately by the quickest means of communication give notice of such accident to the local police department . . . county sheriff or . . . State Patrol." He was then bound over the State Court of DeKalb County by the Recorder's Court of DeKalb County "for the offense

of failure to report an accident."

Defendant filed his general demurrer and motion to quash the accusation charging him with violation of Code Ann. § 68-1623, supra, his contention being that failure to follow the instructions of Code Ann. § 68-1623, supra, is not a crime. Defendant's general demurrer was denied. Defendant filed his proper application for interlocutory appeal which was granted. *Held* :

The record submitted to this court by the clerk of the trial court (State Court of DeKalb County) contains the aforementioned traffic citation, summons and accusation. But also contained in the record is another accusation signed by the solicitor of the trial court (state court accusation) which charges the defendant with actions (failing to stop after an accident involving damage and/or injury) other than those forbidden by Code Ann. § 68-1623, supra. It is apparent from the briefs submitted to this court that the defendant argues against the charges raised by the traffic citation, summons and accusation for which he was bound over, while the State argues in favor of the validity of the state court accusation prepared by the solicitor. In other words, the parties to this case are not debating the same document.

The traffic citation, summons and accusation, if developed and approved pursuant to Code Ann. § 92A-2701 (Ga. L. 1972, pp. 1148, 1149), serves as an accusation, and record of the disposition of the case, in all courts other than superior court, may proceed without the necessity of filing an accusation in order to bring the accused to trial. Code Ann. § 92A-2702 (Ga. L. 1972, pp. 1148, 1149). See also Georgia Rules and Regulations, § 570-19-01. Pretermitting this issue, defendant was bound over for this offense and is faced with this charge.

We agree with the State that the state court accusation does not accuse the defendant of violation of Code Ann. § 68-1623, supra. However, we do not agree with the State's contention that the traffic citation, summons and accusation is superseded or rendered moot by the state court accusation as we find nothing in the record in support of this contention. We view the state court accusation as an additional or second charge against defendant which has no place in this interlocutory appeal

granted to consider the merits of defendant's general demurrer to the uniform citation, summons and accusation charging him with violation of Code Ann. § 68-1623, supra. Especially is this true as this is the charge for which he was bound over to the State Court of DeKalb County. In reaching our decision we will therefore disregard the state court accusation and offer no opinion in regard to it.

In order to constitute a crime in the State of Georgia, a particular act or conduct must be described as such by some state statute either in the Code Title 26, or elsewhere. See Code Ann. § 26-201 (Ga. L. 1968, pp. 1249, 1261); *Wood v. State,* 219 Ga. 509 (134 SE2d 8). Since the repeal of Code Ann. § 68-9926 (Ga. L. 1953, Nov. Sess., pp. 556, 565, by Ga. L. 1974, pp. 633, 691), there has been no statute providing that failure to comply with Code Ann. § 68-1623, supra, is a crime. The crime with which defendant is charged was specifically repealed prior to the incident upon which the citation, summons and accusation is founded. The trial court erred in failing to grant defendant's general demurrer to this accusation.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED OCTOBER 31, 1979.

*Ronald P. Jayson,* for appellant.

*John R. Thompson, Solicitor, R. Winston Harvey, Jr., Assistant Solicitor,* for appellee.