A92A2124. THE STATE v. RUSTIN.
(430 SE2d 765)

BLACKBURN, Judge.

Thomas Milton Rustin was charged with driving under the influence of alcohol. After his first conviction in the probate court was reversed in *Rustin v. State*, 192 Ga. App. 775 (386 SE2d 535) (1989), he requested a jury trial and the case was transferred to the superior court. Rustin then moved to dismiss on the ground that the prosecu-

tion was barred by the statute of limitation. The court granted this plea in bar, and the state appeals.

On September 30, 1988, Rustin was issued a uniform traffic citation and complaint charging him with having committed on the same date the offense of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1). Rustin was convicted of DUI in the probate court in November 1988 and the conviction was affirmed in the superior court, but in *Rustin,* supra at 776-777 (2), this court reversed the conviction because the record contained no written waiver of Rustin's right to have a jury trial. (That holding in *Rustin* was later disapproved by the Supreme Court in *Nicholson v. State,* 261 Ga. 197, 200 (6) (403 SE2d 42) (1991), in which it was held that in the absence of a timely objection to proceeding in the probate court, the right to jury trial is waived.) Upon remand, Rustin requested a jury trial, and the case was transferred from the probate court to the superior court.

Pursuant to OCGA § 40-13-3, Rustin's case could not be tried in the superior court without a formal accusation, and for that reason, on November 19, 1991, the state filed an accusation against Rustin charging him with driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)). However, the accusation also charged Rustin with a new offense, i.e., driving with an unlawful blood alcohol level (OCGA § 40-6-391 (a) (4)). Both counts were based upon the same September 30, 1988, events that were the basis of the uniform traffic citation on which he had been prosecuted in the probate court. Rustin moved to have the case dismissed, contending that the accusation had been filed more than two years after commission of the crimes and therefore was barred by the two-year statute of limitation for misdemeanors contained in OCGA § 17-3-1 (d). The superior court orally granted the plea in bar at a hearing on May 12, 1992. The state filed a notice of appeal on May 28, 1992, and on July 24, 1992, the superior court entered a written order granting the plea and dismissing the prosecution. The appeal was docketed in this court on July 28, 1992.

1. Rustin contends that this appeal must be dismissed because the state filed its notice of appeal before the judgment was entered. We disagree, as even though the premature notice of appeal was "erroneous and not in accordance with statutory command," we "reluctantly" will "review the case on its merits rather than dismiss it." *Sharp v. State,* 183 Ga. App. 641 (1) (360 SE2d 50) (1987).

2. The state contends that the superior court erred in granting Rustin's plea in bar. We agree with the state's position with regard to the violation of OCGA § 40-6-391 (a) (1) which was originally charged on September 30, 1988, but not as to the violation of OCGA § 40-6-391 (a) (4) which was initially charged in the accusation filed on November 19, 1991.

OCGA § 17-3-1 (d) provides that prosecution for misdemeanors

must be commenced within two years after commission of the crime. A prosecution is "commenced" when an accusation or indictment is filed, and continues until final disposition of the case on appeal. OCGA § 16-1-3 (14); *Smith v. State,* 190 Ga. App. 246 (378 SE2d 493) (1989). A DUI charge may be prosecuted in a probate or state court on a uniform traffic citation, which constitutes the accusation. OCGA §§ 40-13-1; 40-13-3; *Boss v. State,* 152 Ga. App. 169 (262 SE2d 527) (1979). Thus, Rustin's prosecution in the probate court for the DUI charge alleging a violation of OCGA § 40-6-391 (a) (1) was commenced when he was issued the uniform traffic citation and complaint on September 30, 1988. The filing of a formal accusation in any court with jurisdiction over such offenses, other than a superior court, would have been a superfluity. See *Majia v. State,* 174 Ga. App. 432 (1) (330 SE2d 171) (1985).

The trial court's grant of Rustin's plea in bar resulted out of consideration of the passage of time from the date of the alleged offenses and the date of the formal accusation filed on November 19, 1991, following this court's remand of the case because of the absence of a written waiver of the right to a jury trial. In *Duncan v. State,* 193 Ga. App. 793 (389 SE2d 365) (1989), this court held that the limitation period was not tolled during the pendency of a prior appeal, and that prosecution of the defendant under a subsequent formal accusation (which added a charge of simple battery) filed after the expiration of the limitation period was barred. However, prosecution of the defendant under the uniform traffic citation was still allowed, although the prosecution was limited to the offenses originally charged in that traffic citation. The same principle is applicable in the instant case.

Upon remand of this case to the probate court, Rustin exercised his right to a jury trial, and the case was necessarily bound over to the superior court. Consequently, the state was then compelled to file a formal accusation because a uniform traffic citation and complaint cannot be made the basis for a trial in the superior court. OCGA § 40-13-3; *Stone v. State,* 151 Ga. App. 531 (260 SE2d 405) (1979). The prior appeal in this case did not result in a final disposition of the matter, and filing of the formal accusation in November 1991, as required by OCGA § 40-13-3 and as necessitated by Rustin's demand for a jury trial, in no way constituted commencement of a new prosecution with regard to the alleged violation of OCGA § 40-6-391 (a) (1). Under the circumstances presented by this case, although the filing of the accusation in the superior court could not be considered a superfluity because of the requirements of OCGA § 40-13-3, it must be regarded as a continuation of the prosecution previously commenced. For that reason, the trial court erred in granting Rustin's plea in bar with regard to the charged violation of OCGA § 40-6-391 (a) (1).

However, the accusation filed in November 1991 also included a new offense, i.e., an alleged violation of OCGA § 40-6-391 (a) (4), driving with an unlawful blood alcohol level. Because that accusation was filed beyond the applicable limitation period, prosecution of this new offense was barred, notwithstanding the fact that it may have stemmed from the same conduct as the original DUI charge. Accordingly, the trial court properly granted Rustin's plea in bar with regard to the alleged violation of OCGA § 40-6-391 (a) (4). *Duncan v. State,* supra.

The state contends that inclusion of the alleged violation of OCGA § 40-6-391 (a) (4) in the November 1991 accusation was a permissible amendment, authorized by OCGA § 17-7-71 (f), of the original uniform traffic citation prepared pursuant to OCGA § 40-13-1 and the Rules of Department of Safety, Section 570-19-.01. See generally *Freeman v. State,* 194 Ga. App. 905 (8) (392 SE2d 330) (1990), wherein a second formal accusation prepared pursuant to OCGA § 17-7-71 (a), alleging simple assault, amended the original accusation which also alleged simple assault. The issue of amendment of uniform traffic citations by formal accusation under OCGA § 17-7-71 (f) was not raised or addressed in *Duncan v. State,* supra.

OCGA § 17-7-71 (f) provides that "[p]rior to trial, the prosecuting attorney may amend the accusation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation." For the reasons that follow, we find that this statute applies to and authorizes amendment of formal accusations, and not uniform traffic citations which may only be used to prosecute traffic offenses.

Finding that OCGA § 17-7-71 (f) relates to the preparation and amendment of formal accusations, and not uniform traffic citations, is supported by reference to the statutory and regulatory basis for the creation and implementation of the uniform traffic citation. OCGA § 40-13-1 and Section 570-19-.01 of the Rules of Department of Public Safety specifically provide that the uniform traffic citation was devised for use by law enforcement officers to enforce the *traffic laws and ordinances* of this state. The form for the uniform traffic citation prescribes the use of a single citation per offense charged, which is inconsistent with amendment to add other related charges as allowed by OCGA § 17-7-71 (f). Further, the uniform traffic citation requires only the signature of the police officer where it is used as the prosecuting vehicle.

The formal accusation contemplated under OCGA § 17-7-71 (a), however, must be signed by the prosecuting attorney of the court; has no detailed, prescribed form; can include multiple counts; and can be used for any misdemeanor prosecution. While OCGA § 17-7-71 (a)

generally provides for trial of misdemeanor offenses upon an accusation, OCGA § 17-7-71 (b) makes specific provision for use of the uniform traffic citation to prosecute "all misdemeanor cases arising out of violations of the laws of this state, relating to . . . the operation and licensing of motor vehicles and operators. . . ."

The import of these statutory and regulatory provisions is that a uniform traffic citation and complaint may serve as an accusation only for traffic offenses, and may neither be used to prosecute non-traffic offenses nor amended to add such pursuant to OCGA § 17-7-71 (f). In view of that limitation upon the use of uniform traffic citations, OCGA § 17-7-71 (f) must envision amendments to formal accusations, and not uniform traffic citations.

*Judgment affirmed in part, reversed in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 2, 1993.

*W. Fletcher Sams, District Attorney, Tarey B. Schell, Assistant District Attorney*, for appellant.

*James M. Kimbrough III*, for appellee.