## S01A0430. BUSH v. THE STATE.
(548 SE2d 302)

BENHAM, Chief Justice.

Tywann Bush appeared at the City Court of Atlanta in response to two Uniform Traffic Citations, one for possession of less than one ounce of marijuana, and one for carrying a pistol without a license. No traffic offense was charged. Bush appeared without counsel, entered guilty pleas, and was sentenced to 12 months confinement and a $316 fine for the marijuana charge and to six months confinement and a $240 fine for the firearm charge, both of which were probated on conditions. This appeal is from those convictions.

Although Bush attempts on this appeal to raise issues relating to uncounseled guilty pleas and the legal existence of the City Court of Atlanta, none of those issues was raised in the trial court. This Court is, among other things, a court for the correction of errors of law. *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). "An error of law has as its basis a specific ruling made by the trial court." Id. There having been no rulings by the trial court on the issues raised by Bush, there are no rulings to review for legal error. *Farmer v. State*, 266 Ga. 869 (3) (472 SE2d 70) (1996).[1]

However, one issue raised by Bush, his assertion that the City Court of Atlanta lacked subject matter jurisdiction over his prosecution, is ripe for decision. Matters concerning subject matter jurisdiction are not waived for failure to raise them below. *Davis v. State*, 197 Ga. App. 746 (2) (399 SE2d 554) (1990). "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4.

The legislative grant of jurisdiction to the City Court of Atlanta provides for jurisdiction over offenses under both city ordinances and state laws "relating to and regulating traffic" and all other crimes and offenses not above the grade of misdemeanor "arising out of the same occurrence as such traffic offense." 1996 Ga. Laws 627, § 3. The plain meaning of that language is that the City Court's jurisdiction over non-traffic offenses is dependent on the existence of a charged traffic offense. As the solicitor concedes on appeal, the record of this case does not demonstrate that Bush was charged with any traffic offense at all. Thus, as the solicitor also concedes, the record before

---

[1] Among the issues not preserved for appeal were the constitutional questions on which this Court's jurisdiction was based. Although we would ordinarily transfer to the Court of Appeals a case in which the issue on which our jurisdiction was predicated was not ripe for decision (*Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988)), we deem it appropriate under the circumstances of this case to retain jurisdiction as a matter of judicial economy. See *Douglas v. Wages*, 271 Ga. 616, n. 2 (523 SE2d 330) (1999).

us on appeal does not provide any basis for the exercise of jurisdiction by the City Court of Atlanta.

" 'When a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed. (Cits.)' [Cit.]" *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999). Since the record in this case does not show that the City Court of Atlanta had subject matter jurisdiction over Bush's prosecution, the judgment of that court is a nullity and must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Samia P. Giddings, Crystal A. Gaines, Edward C. Brewer III,* for appellant.

*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General,* for appellee.