A01A2500. SHAVER v. CITY OF PEACHTREE CITY.
(558 SE2d 409)

RUFFIN, Judge.

Eric Shaver was arrested for underage possession of alcohol, and he was issued a uniform traffic citation. Prior to Shaver's trial in the Municipal Court of Peachtree City, he moved to dismiss the charge, asserting that the citation was not a valid charging instrument for a nontraffic offense. The municipal court denied Shaver's motion, and he was convicted of the offense. Shaver then applied to the superior court for certiorari, which that court denied. We granted Shaver's application for discretionary appeal, and for reasons that follow, we reverse.

Pursuant to Art. VI, Sec. I, Par. I of the Georgia Constitution, "[m]unicipal courts shall have jurisdiction over ordinance violations

---

[6] (Punctuation omitted.) *Jones v. State*, 195 Ga. App. 868, 869 (2) (395 SE2d 69) (1990).

and such other jurisdiction as provided by law." The law permitting the use of traffic citations as charging instruments provides that

> [i]n all misdemeanor cases arising out of violations of the laws of this state, relating to (A) the operation and licensing of motor vehicles and operators; (B) the width, height, and length of vehicles and loads; (C) motor common carriers and motor contract carriers; or (D) road taxes on motor carriers as provided in Article 2 of Chapter 9 of Title 48, the defendant may be tried upon the uniform traffic citation and complaint provided for in Article 1 of Chapter 13 of Title 40.[1]

"Where, as here, the language of the statute is plain and unequivocal, judicial construction is not only unnecessary but is prohibited."[2] The language in OCGA § 17-7-71 (b) (1) is both plain and unequivocal, and nothing in this Code section provides for trying a defendant for the misdemeanor of underage possession of alcohol upon a uniform traffic citation. Thus, Peachtree City lacked a valid charging instrument. Accordingly, we agree that the municipal court lacked jurisdiction to try Shaver for such offense.[3]

On appeal, Peachtree City asserts that "[t]here is no case or statutory authority that either authorizes or prohibits the [uniform traffic citation] from being used to charge non-traffic misdemeanors and city ordinances, as well as traffic charges, in the municipal courts." The relevant issue is not whether any law *prohibits* the use of traffic citations as charging instruments for misdemeanor offenses, but whether any law *authorizes* such use.[4] None does.

OCGA § 17-7-71 (b) (1), which lists the offenses for which a defendant may be tried upon a uniform traffic citation, addresses this very issue. Because the list of offenses contained in the Code section is finite — i.e., it does not specify that it is without limitation — we construe the statute as comprehensive.[5] Indeed, this Court acknowledged as much in *State v. Rustin*,[6] in which we concluded "that a uniform traffic citation and complaint may serve as an accusation only for traffic offenses, and may neither be used to prosecute nontraffic offenses nor amended to add such pursuant to OCGA § 17-

---

[1] OCGA § 17-7-71 (b) (1).

[2] *State v. Sterling*, 244 Ga. App. 328, 330 (2) (535 SE2d 329) (2000).

[3] See *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999) ("Without an indictment, the trial court had no jurisdiction to accept [the defendant's] plea and sentence him.").

[4] See id. at 739 (parties cannot confer subject matter jurisdiction on court "that does not otherwise have it," and court cannot exercise such jurisdiction without legal authority).

[5] See *Ga. Physical Therapy v. McCullough*, 219 Ga. App. 744, 745 (466 SE2d 635) (1995).

[6] 208 Ga. App. 431 (430 SE2d 765) (1993).

7-71 (f).["7] Accordingly, the municipal court lacked jurisdiction.[8] And, "[w]hen a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity" and must be reversed.[9]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 3, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 —

*Saia, Richardson & Meinken, Joseph J. Saia, Lloyd W. Walker,* for appellant.

*Webb, Lindsey, Collins, Jones & Wade, Richard P. Lindsey, Martin C. Jones, Christy R. Jindra,* for appellee.

---

[7] Id. at 435 (2). See also *Bush v. State*, 273 Ga. 861 (548 SE2d 302) (2001) (city court with jurisdiction over offenses " 'relating to and regulating traffic' and all other crimes and offenses not above the grade of misdemeanor 'arising out of the same occurrence as such traffic offense' " did not have jurisdiction over misdemeanor offense that was not traffic-related).

[8] Id. at 862.

[9] (Punctuation omitted.) Id.