### A02A0003. BEAMAN v. CITY OF PEACHTREE CITY.
(567 SE2d 715)

POPE, Presiding Judge.

Allison Beaman was arrested for underage possession of alcohol and was issued a uniform traffic citation. During Beaman's trial in the Municipal Court of Peachtree City, she moved to quash the use of the UTC, asserting that the citation was not a valid charging instrument for a nontraffic offense. The municipal court denied Beaman's motion, and she was convicted of the offense. She then applied to the superior court for certiorari, and that court affirmed the ruling. We granted Beaman's application for discretionary appeal, and for reasons that follow, we affirm.

In the recent case of *Shaver v. City of Peachtree City*, 253 Ga. App. 212 (558 SE2d 409) (2001), cert. granted, Case No. S02G0702 (June 11, 2002), this Court addressed almost identical facts. In that case this Court held that because no law authorizes the use of a UTC as a charging instrument for trying a defendant for the misdemeanor offense of underage possession of alcohol, the Municipal Court of Peachtree City was without jurisdiction of the matter. Id. at 214. But Shaver and Beaman were not charged with the same offense. Shaver was charged with possession of alcohol by a minor in violation of a state law, OCGA § 3-3-23. Beaman was charged with a similar offense in violation of a municipal ordinance, Peachtree City Code § 6-109 (b).

We note that the legislature has very recently amended Article 1 of Chapter 32 of Title 36 by inserting a new Code section to address

this problem. On May 9, 2002, the Governor signed into law a bill that added OCGA § 36-32-10.2, which states, "Notwithstanding any other contrary provision of law, in municipal courts which have jurisdiction over misdemeanor offenses or ordinance violations, such offenses or violations may be tried upon a uniform traffic citation, summons, citation, or an accusation." Ga. L. 2002, pp. 627-628, § 1 (Act 775; HB 1169). Nevertheless, Beaman was arrested in June 2000 and tried and convicted in October of that year. Therefore, we will address whether prior to the recent amendment, a UTC could function as a valid charging instrument in municipal court for the violation of a municipal ordinance regulating underage possession of alcohol.

Prior to the recent change, state law was silent on the proper charging instrument for violations of municipal ordinances. Under this circumstance, a municipality may adopt a reasonable ordinance on the matter provided it is not inconsistent with the constitution or any applicable charter provision. OCGA § 36-35-3 (a).[1]

Peachtree City has adopted an ordinance that provides that "Officers may issue citations . . . to any defendant who is a resident of the county. . . ." Peachtree City Code § 46-51. According to the record before us, the term "citations" is not defined in the ordinances.[2] The term "citation" is defined by Black's Law Dictionary (5th ed.), as follows:

> A writ issued out of a court of competent jurisdiction, commanding a person therein named to appear on the day named and do something therein mentioned, or show cause why he should not. An order, issued by the police, to appear before a magistrate or judge at a later date. Usually used for minor violations (e.g. traffic violations); avoids need to take suspect into immediate physical custody.

In contrast, an accusation requires the signature of a prosecuting attorney. OCGA § 17-7-71 (a).

The use of a "citation" defined as "an order, issued by the police, to appear before a magistrate or judge at a later date" for the violation of a municipal ordinance is consistent with the Georgia Constitution. See *Pearson v. Wimbish*, 124 Ga. 701, 709-711 (3) (52 SE 751) (1906).

---

[1] Beaman does not argue that any charter provision limits the city's authority to define a charging instrument.

[2] This Court does not take judicial notice of municipal ordinances. Rather, "[t]he proper method of proving a city ordinance is by production of the original or of a properly certified copy. [Cit.]" *Police Benevolent Assn. &c. v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997).

In *Pearson*, a person accused of a violation of a municipal ordinance was tried without receiving any written charge, information or accusation concerning the charges brought against him. *Pearson*, 124 Ga. at 710 (3). The Supreme Court first determined that no formal accusation or indictment is required to prosecute the violation of a municipal ordinance. Although the Georgia Constitution at the time provided that "[e]very person charged with an offense against the laws of this State . . . shall be furnished, on demand, with a copy of the accusation . . . ," under Georgia law a violation of a municipal ordinance is not an offense against the laws of this state, although it might be considered criminal in nature. *Pearson*, 124 Ga. at 706-708 (1), (2). Therefore the constitutional requirement of an accusation did not apply to those who violated municipal ordinances.

The current constitution has virtually the same language. It provides that "[e]very person charged with an offense against the laws of this state . . . shall be furnished with a copy of the accusation or indictment. . . ." Ga. Const. of 1983, Art. I, Sec. I, Par. XIV. And, violations of municipal ordinances are still not considered to be violations of the criminal laws of this state as used therein. See OCGA § 16-2-1 ("A 'crime' is a violation of a statute of this state. . . ."); *Turner v. State*, 233 Ga. 538 (212 SE2d 370) (1975) (only violations of state statutes, and not of municipal ordinances and administrative regulations, are crimes). Compare *City of Lilburn v. Sanchez*, 268 Ga. 520, 521 (1) (491 SE2d 353) (1997) (referring to an ordinance regulating pigs within the city as a "criminal" ordinance). It follows that Beaman had no constitutionally guaranteed right to an indictment or accusation. *Pearson*, 124 Ga. at 709-711 (3).

*Pearson* also held that the use of a simple summons as a charging instrument is consistent with the due process clause of the Georgia Constitution and the United States Constitution. The Supreme Court explained that the trial of a violation of a municipal ordinance, a petty offense, is the equivalent of a trial at common law and that all the common law required was a summons to appear. Id. Therefore, even though Pearson had received no written charge whatsoever, there was no violation of the due process guarantee of either constitution. Id. at 711 (3).

The UTC issued to Beaman satisfied all of the requirements of the summons in *Pearson*. It identified Beaman as the offender; identified the time, date, and location of the incident; identified the time and date that Beaman had to appear before the Peachtree Municipal Court; identified the charge against her and specifically cited the ordinance; was signed and dated by the arresting officer; and included the officer's attestation that Beaman had in fact committed the offense. The information written on the UTC was easily sufficient

to constitute a valid order or citation, issued by police, to appear before a judge at a later date.

The mere fact that the information was written on a UTC does not invalidate the otherwise valid citation. At least with regard to violations of municipal ordinances, Peachtree City is not purporting to use the full power normally associated with a UTC. The UTC functions as the "citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged. . . ." OCGA § 40-13-1. Therefore, when prosecuting a state traffic offense, certain formalities such as the prosecuting attorney's signature are not required. See generally *Evans v. State*, 168 Ga. App. 716, 717 (310 SE2d 3) (1983). But in municipal court, where an accusation is not required, this function of the UTC is simply inapplicable.

Lastly, we note that our holding here is not inconsistent with the recent holding in *Shaver v. City of Peachtree City. Shaver* is distinguishable for at least two reasons. Shaver was charged with a violation of a state statute, not a municipal ordinance, and the decision in that case relied on OCGA § 17-7-71 (b) (1), which applies only to "all misdemeanor cases arising out of violations of the laws of this state." Accordingly, as shown above, it does not apply to violations of municipal ordinances.

We conclude that the UTC issued to Beaman functioned as a valid summons or citation requiring her to appear in court and answer the charge against her.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 21, 2002.

*Saia, Richardson & Meinken, Joseph J. Saia, Lloyd W. Walker,* for appellant.

*Webb, Lindsey, Collins, Jones & Wade, Richard P. Lindsey, Martin C. Jones, Christy R. Jindra,* for appellee.