## A02A1247. WALKER v. THE STATE.
### (574 SE2d 317)

MIKELL, Judge.

On November 9, 2001, Ronnie Walker was issued uniform traffic citations for the misdemeanor offenses of failure to stop at a stop sign, driving with a suspended license, and giving false information to a law enforcement officer. Walker appeared in the City Court of Atlanta on January 17, 2002. He pleaded nolo contendere to the charge of driving with a suspended license. The court imposed a $500 fine and sentenced him to 12 months probation. Walker entered a not guilty plea to the remaining charges and elected to proceed with a bench trial.

The state presented its sole witness, Officer N. K. Deaton. After cross-examining the witness, Walker's counsel stated, "we have a motion." Counsel proceeded to argue that the charge of giving false information to a police officer should be dismissed, because the court lacked jurisdiction over that charge as it was issued on a uniform traffic citation. The city court denied the motion, noting that Walker's objection was simply to a matter of form.

Walker was convicted of failure to stop at a stop sign and giving false information to a law enforcement officer. He was fined $101 on the failure to stop charge and $150 for giving false information. Walker was also sentenced to 12 months probation.

Walker appeals, arguing that the court erred in denying his motion to dismiss and that the state failed to prove venue. For reasons explained below, we reverse the convictions.[1]

1. First, Walker argues that the city court erred in denying his motion to dismiss, because the uniform traffic citation was not a proper charging instrument for the nontraffic offense of giving false information to a police officer. Based on *Shaver v. City of Peachtree City*, 253 Ga. App. 212 (558 SE2d 409) (2001), cert. granted, Case No. S02G0702 (June 11, 2002), we must reverse Walker's conviction of this charge.

In *Shaver*, we held that because no law authorized the use of a uniform traffic citation as a charging instrument for trying a defendant for underage possession of alcohol, the Municipal Court of Peach-

---

[1] Walker has not raised any issue regarding his plea of nolo contendere to the charge of driving with a suspended license. Therefore, the disposition of that charge stands.

tree City lacked jurisdiction. Id. at 213-214. We reasoned that Art. VI, Sec. I, Par. I of the Georgia Constitution provides that municipal courts have "jurisdiction over ordinance violations and *such other jurisdiction as provided by law*." (Punctuation omitted; emphasis supplied.) Id. at 212-213. We further recognized that OCGA § 17-7-71 (b) (1), which permits the use of uniform traffic citations as charging instruments, provides the specific instances in which traffic citations may be used. We concluded that "[t]he language in OCGA § 17-7-71 (b) (1) is both plain and unequivocal, and nothing in this Code section provides for trying a defendant for the misdemeanor of underage possession of alcohol upon a uniform traffic citation." Id. at 213. Similarly, providing false information to a police officer is not included in the list of offenses which may be charged by uniform traffic citation. OCGA § 17-7-71 (b) (1).

In a recent decision, *Beaman v. City of Peachtree City*, 256 Ga. App. 62 (567 SE2d 715) (2002), we addressed a similar issue. Significantly, in *Beaman*, we recognized that the legislature recently enacted a Code section, OCGA § 36-32-10.2, which provides: "Notwithstanding any other contrary provision of law, in municipal courts which have jurisdiction over misdemeanor offenses or ordinance violations, such offenses or violations may be tried upon a uniform traffic citation, summons, citation, or an accusation." Id., citing Ga. L. 2002, pp. 627-628, § 1 (Act 775; HB 1169). However, here, as in *Beaman*, Walker was cited and tried before the change in state law. Therefore, we must address whether the traffic citation could function as a valid charging instrument prior to the recent amendment.[2]

Based on *Shaver*, we conclude that the traffic citation was not a valid charging instrument for the offense of giving false information to a police officer. OCGA § 16-10-25 provides: "A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." This crime is not included in the finite list of offenses which may be charged by traffic citation. OCGA § 17-7-71 (b) (1). Therefore, the municipal court lacked jurisdiction. "And, '(w)hen a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity' and must be reversed." *Shaver*, supra at 214, citing *Bush v. State*, 273 Ga. 861, 862 (548 SE2d 302) (2001). Accordingly, we reverse Walker's conviction on the charge of giving false information to a police officer.

---

[2] In *Beaman*, we held that because the defendant was charged with a violation of a municipal ordinance, rather than a violation of state law, the municipal court had jurisdiction. We concluded that *Shaver* did not apply to violations of municipal ordinances. The case sub judice involves a violation of state law. OCGA § 16-10-25.

2. Next, Walker contends that his convictions cannot stand because the state failed to prove venue beyond a reasonable doubt. We agree and reverse the convictions.

In *Jones v. State*, 272 Ga. 900 (537 SE2d 80) (2000), the Supreme Court recognized that venue is an essential element in proving a defendant's guilt and held that, for all practical purposes, the "slight evidence exception" to the rule requiring proof of venue was a nullity. Id. at 903 (2). The Court reasoned that:

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. [Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2.] Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) Id. at 901-902 (2).

The only evidence of venue presented in the case sub judice was the officer's testimony that he encountered Walker at the intersection of Chappel Road and North Avenue and that this location was in the City of Atlanta. Because the state did not establish the county in which the crimes were committed, it failed to prove venue beyond a reasonable doubt. *Jones*, supra.

The state cites *Waller v. State*, 231 Ga. App. 323 (498 SE2d 362) (1998), in support of its argument that venue was established by evidence that the offense was committed within the City of Atlanta. However, *Waller* is physical precedent only. Furthermore, that decision reversed a defendant's conviction in municipal court because the state failed to prove the county in which the crime was committed. Id. at 326.

The Supreme Court expressly held in *Jones*, supra at 901-902, that the state's failure to prove venue beyond a reasonable doubt warrants reversal of the judgment. Accordingly, we reverse Walker's convictions of failure to stop at a stop sign and providing false information to a law enforcement officer. We note that retrial of the failure to stop at a stop sign charge would not be barred by the Double Jeopardy Clause. See *Jones*, supra at 905 (4).

*Judgment reversed. Andrews, P. J., and Phipps, J., concur.*

DECIDED AUGUST 23, 2002 —
RECONSIDERATION DENIED NOVEMBER 14, 2002

*Jackie G. Patterson, Yasma M. Patterson,* for appellant.
*Joseph J. Drolet, Solicitor-General, Katherine Diamandis, Assistant Solicitor-General,* for appellee.