### S02G0702. CITY OF PEACHTREE CITY v. SHAVER.
(578 SE2d 409)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Shaver v. City of Peachtree City*, 253 Ga. App. 212 (558 SE2d 409) (2002), to determine whether the Court of Appeals correctly held that a uniform traffic citation, see OCGA § 40-13-1 and the Rules of Department of Public Safety, Rule 570-19-.01, cannot be used as a charging instrument for the non-traffic offense of underage possession of alcohol. See OCGA § 3-3-23 (a) (2). The Court of Appeals was incorrect in holding that the uniform traffic citation in this case could not be so used. Accordingly, we reverse.

On September 16, 1999, Eric Shaver ("Shaver") was arrested for underage possession of alcohol and issued a uniform traffic citation. The uniform traffic citation stated the offense and referred to the Code section alleged to have been violated, OCGA § 3-3-23. According to a stipulation in lieu of a transcript, prior to trial in the municipal court, Shaver objected to the use of the uniform traffic citation, arguing that it was not a valid charging instrument for non-traffic offenses. The Municipal Court of Peachtree City denied the objection, and Shaver was convicted and sentenced to pay a fine and serve a period of time on probation. On certiorari, the superior court affirmed the conviction. Shaver sought a discretionary appeal in the Court of Appeals, which granted review. See OCGA § 5-6-35 (a) (1). The Court of Appeals reversed the superior court, holding that a uniform traffic citation cannot be used to prosecute the non-traffic offense of underage possession of alcohol, and that consequently the municipal court lacked jurisdiction to try Shaver for the offense of underage possession of alcohol.

Municipal courts, such as the Municipal Court of Peachtree City, are granted jurisdiction "to try and dispose of first offense violations" of possession of alcoholic beverages by a person under 21 years of age. OCGA § 36-32-10 (a).[1] And the General Assembly has specifically provided that one charged with the offense of possession of alcoholic beverages by a person under the age of 21 may be arrested upon a citation which

---

[1] Shaver does not contest the applicability of this statute.

shall enumerate the specific charges against the person and either the date upon which the person is to appear and answer the charges or a notation that the person will be later notified of the date upon which the person is to appear and answer the charges. If the person charged shall fail to appear as required, the judge having jurisdiction of the offense may issue a warrant or other order directing the apprehension of such person and commanding that such person be brought before the court to answer the charges contained within the citation and the charge of his or her failure to appear as required.

OCGA § 3-3-23.1 (d).

Clearly, under OCGA § 3-3-23.1 (d), no formal accusation is contemplated, and the defendant may be prosecuted on the citation.[2] Thus, a citation is a proper charging instrument for this offense in municipal court. The only question then, is whether the uniform traffic citation can serve as that charging instrument. OCGA § 3-3-23.1 (d) sets forth certain requirements that the instrument must meet, and the uniform traffic citation at issue here met those requirements. The uniform traffic citation named the offense and specifically provided that it was OCGA § 3-3-23 that was alleged to have been violated. The uniform traffic citation also informed Shaver that he was to appear at 8:30 a.m. on October 6, 1999 in the Municipal Court of Peachtree City to respond to the charge, and provided the court's street address. Nothing else is required by OCGA § 3-3-23.1 (d).[3]

Shaver argues that, nonetheless, the uniform traffic citation cannot serve as a citation for this offense because OCGA § 17-7-71 (b) (1) limits the offenses for which the uniform traffic citation can be used as a charging instrument, and underage possession of alcohol is not one of them. Shaver particularly points to *State v. Rustin*, 208 Ga. App. 431, 435 (430 SE2d 765) (1993), which addressed OCGA § 17-7-71 and stated that "[t]he import of these statutory and regulatory provisions is that a uniform traffic citation and complaint may serve as an accusation *only for traffic offenses*" and is not available to be used as a charging instrument for other, non-traffic offenses. (Emphasis supplied.) However, this reliance is misplaced. *Rustin*

---

[2] OCGA § 3-3-23.1 (d) refers only to OCGA § 3-3-23 (a) (2), which deals with the possession, purchase, or attempted purchase of alcohol by one under the age of 21. The other offenses set forth in OCGA § 3-3-23 (a), such as furnishing alcohol to one under 21, acting as an agent to acquire alcohol for one under 21, and misrepresenting one's age or using false identification to illegally obtain alcohol, are not within OCGA § 3-3-23.1 (d)'s specification of authority to prosecute the offense by citation.

[3] There is no assertion that the uniform traffic citation at issue failed to satisfy due process requirements.

addressed OCGA § 17-7-71, which by its own terms does not apply to a municipal court, but only to "superior, state, or county courts." OCGA § 17-7-71 (a). And OCGA § 17-7-71 deals with accusations, not citations, and is silent as to whether the uniform traffic citation can serve as a citation in a non-traffic offense; the uniform traffic citation is only mentioned therein as an exception to the accusation procedure. *Rustin* was also specifically concerned with the amendment of an accusation under OCGA § 17-7-71 (f), and no such question is presented here; not only is this prosecution not under an accusation, but there has been no attempt to amend the citation. Thus, *Rustin* is irrelevant as regards any consideration of the use of a uniform traffic citation as a *citation* for a non-traffic offense, and *Rustin's* statement that "a uniform traffic citation and complaint may serve as an *accusation* only for traffic offenses," does not apply. (Emphasis supplied.) *Rustin*, supra at 435.

Nor does there appear to be any other impediment to allowing a uniform traffic citation to serve as a citation under OCGA § 3-3-23.1 (d). Although the uniform traffic citation was established to create a standard charging instrument for traffic offenses throughout the State, the uniform traffic citation is simply a printed form, promulgated by the Department of Public Safety. Neither the statute authorizing it nor the administrative rule establishing it restrict it to traffic offenses. See OCGA § 40-13-1; Rules of Department of Public Safety, Rule 570-19-.01. The administrative rule simply requires that it "shall be used by all law enforcement officers who are empowered to enforce the traffic laws and ordinances in effect in this State." Rules of Department of Public Safety, Rule 570-19-.01. And OCGA § 40-13-1 contemplates the uniform traffic citation to be a versatile document, stating that the "form shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged, and as the record of the disposition of the matter by the court before which the accused is brought. . . ." But for the appearance of the words "Uniform Traffic" at the top of the form, the propriety of using the document as a citation under OCGA § 3-3-23.1 (d) would not even be an issue. Thus, the appearance of those words does not render it improper as a charging instrument under OCGA § 3-3-23.1 (d).

Further, even if the Court of Appeals had been correct in reading *Rustin* as preventing the uniform traffic citation from serving as a charging instrument against Shaver, it applied an incorrect analysis. The Court of Appeals held: "Peachtree City lacked a valid charging instrument. Accordingly, we agree that the municipal court lacked jurisdiction to try Shaver for such offense." (Citation omitted.) *Shaver*, supra at 213. In no way does the failure to have "a valid charging instrument" equate to a failure of jurisdiction over the case,

and the Court of Appeals' reliance on *Weatherbed v. State*, 271 Ga. 736 (524 SE2d 452) (1999), for that proposition is misplaced. *Weatherbed* did not deal with a charging instrument that failed for reasons of *form*, but with a prosecution that proceeded on an accusation, when an instrument of entirely different *character* — an indictment — was required.[4] Here there is a charging instrument of the proper character — a citation — and the only possible failing is one of form.

A defendant is entitled to a charging instrument that is perfect in form as well as substance, and the proper method to challenge the form of such instrument is a special demurrer. *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977); *Dennard v. State*, 243 Ga. App. 868, 877 (2) (534 SE2d 182) (2000). But the standard of review occasioned by the trial court's denial of a special demurrer is harmless error; the question then becomes whether the defense was prejudiced by the incorrect form. *Davis v. State*, 272 Ga. 818, 819-820 (1) (537 SE2d 327) (2000); *Blackwelder v. State*, 256 Ga. 283, 284 (4) (347 SE2d 600) (1986). And in no manner did the inclusion of the words "Uniform Traffic" on the citation prejudice Shaver's ability to defend the charge.[5] Thus, even had the Court of Appeals been correct in determining that the charging instrument here was invalid, the conviction still should not have been reversed.

*Judgment reversed. All the Justices concur, except Carley, J., who dissents.*

CARLEY, Justice, dissenting.

I believe that the Court of Appeals correctly decided the issue involved in this case for the reasons set forth in Judge Ruffin's excellent opinion for that Court. *Shaver v. City of Peachtree City*, 253 Ga. App. 212 (558 SE2d 409) (2002). Therefore, I respectfully dissent to the majority's opinion reversing the judgment of the Court of Appeals.

DECIDED MARCH 10, 2003.

*Webb, Lindsey, Collins, Jones & Wade, Richard P. Jones, Christy R. Jindra, Hall, Booth, Smith & Slover, Martin C. Jones,* for appellant.

---

[4] It is unnecessary to note any further distinction between an indictment and an accusation than to note that an indictment is presented to, and approved by, a grand jury, see OCGA § 17-7-54, while an accusation is only signed by the prosecuting attorney. See OCGA § 17-7-71 (d).

[5] We assume that Shaver presented a valid special demurrer, although the record below does not reveal whether that is the case.

*Saia & Richardson, Joseph J. Saia, Lloyd W. Walker*, for appellee.

*Thurbert E. Baker, Attorney General, J. Jayson Phillips, Assistant Attorney General, Joseph J. Drolet, Robert Stokely, Solicitors-General, Katherine Diamandis, Assistant Solicitor-General, Carothers & Mitchell, William M. Coolidge III, Henry E. Williams, Susan M. Pruett, Ted C. Baggett, Jackie G. Patterson*, amici curiae.