## A08A1611. SWITLICK v. THE STATE.
(673 SE2d 323)

DOYLE, Judge.

Following a bench trial, the Cobb County State Court convicted Donald Findley Switlick of driving a vehicle through a safety zone, in violation of OCGA § 40-6-98. Switlick, proceeding pro se, appeals, arguing that the trial court erred by failing to grant his motion to dismiss because the uniform traffic citation ("UTC") did not list his name in the correct order and did not contain a date for his initial court appearance. For the following reasons, we affirm.

The parties agree that on August 31, 2007, Officer Abner Duteau issued Switlick a UTC for violating OCGA § 40-6-98. Officer Duteau transposed Switlick's middle and last names on the UTC, listing Findley as his last name and Switlick as his middle name. The date of Switlick's initial court appearance did not appear on his copy of the UTC. Thereafter, the State filed an accusation (also labeled an amendment to the UTC) signed by the county solicitor-general, listing Switlick's name in the correct order and again charging him with violating OCGA § 40-6-98.

Switlick filed a motion to dismiss based on the errors in the UTC, and the trial court denied the motion. At trial, the state court found Switlick guilty of the traffic violation and again overruled his arguments regarding the validity of the UTC.

1. Switlick argues that the trial court erred when it denied his motion to dismiss based on the lack of arraignment date and

transposed middle and last names on the UTC. Switlick contends that, to the extent that amendments to UTCs are allowed, OCGA § 17-7-71 (f) specifically limits these amendments to changes to, or the addition of, allegations.

OCGA § 17-7-71 (f) states that

[p]rior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation.[1]

Regardless of whether that Code section allows amendment to portions of a UTC other than the allegation, the State's accusation was sufficient to allow prosecution of Switlick for the violation. Although OCGA § 17-7-71 (b) (1) provides that in misdemeanor cases "arising out of violations of the laws of this state, relating to . . . the operation and licensing of motor vehicles and operators[,] the defendant *may* be tried upon the [UTC] . . . ,"[2] the same Code section allows misdemeanor cases to proceed "upon an accusation framed and signed by the prosecuting attorney of the court."[3] Thus, even if the accusation did not serve as an *amendment* of the UTC, the State was allowed to proceed with the case solely on the accusation signed by the solicitor-general.[4]

Furthermore, as we held in a similar case involving a failure on the part of the officer to complete a portion of a UTC, "a defendant who was not misled to his prejudice by any imperfection in the indictment or accusation or citation cannot obtain reversal of his conviction on that ground."[5]

Even though the UTC did not contain the date of Switlick's first scheduled court appearance, he appeared at court on the date in question and at all court dates scheduled thereafter. Additionally, Switlick, having personally received from the officer a copy of the

---

[1] To the extent that Switlick cites *State v. Rustin*, 208 Ga. App. 431, 435 (2) (430 SE2d 765) (1993), for the proposition that OCGA § 17-7-71 (f) precludes amendments to UTCs, that Code section has been amended since *Rustin* and prior to the accusation in this case. The Code section now specifically includes citations in the list of charging documents that a prosecuting attorney may amend.

[2] (Emphasis supplied.) OCGA § 17-7-71 (b) (1).

[3] OCGA § 17-7-71 (a).

[4] See id.

[5] (Punctuation omitted.) *King v. State*, 176 Ga. App. 137, 139-140 (2) (335 SE2d 439) (1985), overruled on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986).

UTC, which also contained his driver's license number, home address, and birth date, was aware of the charge against him. Thus, he was not prejudiced by the transposition of his name on the UTC or by the lack of a court date. Switlick also received a continuance after the solicitor-general's accusation was filed and received notice of the accusation, which contained his correct name. Thus, we hold that the trial court did not err in denying the motion to dismiss.

2. Switlick also argues that the trial court erred by rejecting his "Special Plea of Misnomer," filed pursuant to OCGA § 17-7-112, in which he claimed that he never had been known as "David Switlick Findley." His contention is without merit, however, because the case was proceeding at that time according to the accusation filed by the solicitor-general, which contained Switlick's correct name.

3. Finally, Switlick argues that the trial court erred by denying his motion to dismiss based on the missing arraignment date on his copy of the UTC because, according to Switlick, OCGA § 17-4-23 (a) requires that "[t]he arresting officer shall issue to [a person accused of a traffic violation] a citation which shall enumerate the specific charges against the person and the date upon which the person is to appear and answer the charges."

Pretermitting the issue of whether the legislature intended the language above to operate in the manner Switlick argues, as we explained above, the State's prosecution was proper based on the solicitor-general's accusation, of which Switlick had ample notice and had an opportunity to defend. Accordingly, we discern no basis for reversal of the conviction.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED FEBRUARY 9, 2009.

Donald F. Switlick, *pro se.*

*Barry E. Morgan, Solicitor-General, Nell A. Pedigo, Jessica K. Moss, Assistant Solicitors-General*, for appellee.